LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
STEVEN G. WILLIAMSON (State Bar No. 343842)
swilliamson@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for Defendant
COUNTY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MAYA LAU,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF LOS ANGELES; ALEX VILLANUEVA; MARK LILLIENFELD; and TIM MURAKAMI,<br><br>        Defendants. | **CASE NO. 2:25-cv-04766 SPG (BFMx)**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFF MAYA LAU'S COMPLAINT FOR DAMAGES AND OTHER RELIEF**<br><br>[*Filed Concurrently with Notice of Motion; Declaration of Jason H. Tokoro; Request for Judicial Notice; and [Proposed] Order*]<br><br>Date:    September 10, 2025<br>Time:    1:30 p.m.<br>Crtrm.: 5C - First Street Courthouse<br><br>Assigned to the Hon. Sherilyn Peace Garnett, Crtrm. 5C and Magistrate Judge Brianna Fuller Mircheff, Crtrm. 780<br><br>Trial Date:    None Set |

*(Left margin, vertical text:)* MILLER BARONDESS, LLP · ATTORNEYS AT LAW · 2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067 · TEL: (310) 552-4400  FAX: (310) 552-8400

739308.2

MEMO. OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFF MAYA LAU'S COMPLAINT FOR DAMAGES AND OTHER RELIEF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ..................................................................... 1

II.     PLAINTIFF'S ALLEGATIONS ............................................... 2

    A.   McDonnell Investigation ................................................. 2

    B.   Villanueva Investigation ................................................. 3

    C.   Plaintiff Learns Of Villanueva's Investigation In 2024 ...... 4

    D.   Plaintiff's Complaint ...................................................... 4

III.    LEGAL STANDARD ............................................................. 4

IV.     ARGUMENT ....................................................................... 5

    A.   Villanueva's Investigation Cannot Support A Section 1983 Claim ............................................................................ 5

        1.   A Criminal Investigation Without Consequence Is Not Actionable Under Section 1983 ............................. 5

        2.   Villanueva's Investigation Cannot Establish a Constitutional Violation .......................................... 8

    B.   Plaintiff's Derivative Bane Act Claim Fails ........................ 9

        1.   No Constitutional Violation ..................................... 9

        2.   No "Threats, Intimidation, or Coercion" ................... 9

        3.   The County is Statutorily Immune .......................... 10

    C.   Plaintiff Does Not Allege Any Redressable Injury ............. 12

        1.   Plaintiff Lacks Standing ........................................ 13

        2.   Plaintiff Does Not Sufficiently Allege a Cognizable Harm ... 14

    D.   The County Is The Only Proper Defendant ....................... 15

V.      CONCLUSION ................................................................... 16

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Adams v. Johnson*,
   355 F.3d 1179 (9th Cir. 2004)................................................................5

*Aponte v. Calderon*,
   284 F.3d 184 (1st Cir. 2002) ...............................................................5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................4, 5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..........................................................................4

*Colson v. Grohman*,
   174 F.3d 498 (5th Cir. 1999)..................................................1, 6, 7, 8

*Coons v. Lew*,
   762 F.3d 891 (9th Cir. 2014) ...............................................................14

*Garcia v. City of Los Angeles*,
   481 F. Supp. 3d 1031 (C.D. Cal. 2020), *aff'd*, 11 F.4th 1113 (9th Cir.
   2021)................................................................................................14

*Glair v. City of Los Angeles*,
   2014 WL 12933137 (C.D. Cal. Feb. 19, 2014)........................................10, 11

*Gomez v. County of Los Angeles*,
   2009 WL 10699670 (C.D. Cal. Aug. 17, 2009) ...............................................10

*Ileto v. Glock Inc.*,
   349 F.3d 1191 (9th Cir. 2003) ...............................................................5

*Kentucky v. Graham*,
   473 U.S. 159 (1985) ..........................................................................16

*Lincoln v. Maketa*,
   880 F.3d 533 (10th Cir. 2018) ...............................................................7

*M.S. v. Brown*,
   902 F.3d 1076 (9th Cir. 2018) ...............................................................13

*Medoff v. Minka Lighting, LLC*,
   2023 WL 4291973 (C.D. Cal. May 8, 2023) ...............................................15

*Moore v. Garnand*,
   83 F.4th 743 (9th Cir. 2023)..................................................................7

*Paul Revere Ins. Grp. v. United States*,
   500 F.3d 957 (9th Cir. 2007)................................................................12

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

*Payne v. Off. of the Comm'r of Baseball*,
  705 F. App'x 654 (9th Cir. 2017)....................................................................15

*Perez v. City of Fresno*,
  591 F. Supp. 3d 725 (E.D. Cal. 2022), *aff'd*, 98 F.4th 919 (9th Cir.
  2024).........................................................................................................14

*Rehberg v. Paulk*,
  611 F.3d 828 (11th Cir. 2010), *aff'd*, 566 U.S. 356 (2012) .............................5

*Roark v. United States*,
  2013 WL 1071778 (D. Or. Mar. 12, 2013) ........................................................8

*Shiver v. City of Homestead*,
  2021 WL 5174526 (S.D. Fla. Oct. 4, 2021)...................................................7, 9

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) ............................................................................5

*Trueman v. United States*,
  2015 WL 1456134 (E.D.N.C. Mar. 30, 2015), *aff'd*, 615 F. App'x 122
  (4th Cir. 2015) .................................................................................................8

*Tsao v. Desert Palace, Inc.*,
  698 F.3d 1128 (9th Cir. 2012).................................................................1, 5, 10

*United States v. Trayer*,
  898 F.2d 805 (D.C. Cir. 1990) ..........................................................................5

*Williamson v. City of National City*,
  23 F.4th 1146 (9th Cir. 2022)............................................................................9

*Yazid-Mazin v. McCormick*,
  2013 WL 5758716 (D.N.J. Oct. 24, 2013) .........................................................8

*Zuurveen by & through Zuurveen v. L.A. Cnty. Dep't of Health Servs.*,
  2022 WL 14966244 (C.D. Cal. Sept. 28, 2022).................................................4


**STATE CASES**

*Barner v. Leeds*,
  24 Cal. 4th 676 (2000)....................................................................................11

*Ctr. for Bio-Ethical Reform, Inc. v. Irvine Co.*,
  37 Cal. App. 5th 97 (2019)................................................................................9

*Jones v. Kmart Corp.*,
  17 Cal. 4th 329 (1998)......................................................................................9

*Miller v. Hoagland*,
  247 Cal. App. 2d 57 (1966).............................................................................12

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

739308.2

iii

*Shoyoye v. County of Los Angeles,*
    203 Cal. App. 4th 947 (2012).....................................................................2, 9

*Wong v. Jing,*
    189 Cal. App. 4th 1354 (2010)......................................................................15

**FEDERAL STATUTES**

42 U.S.C. § 1983....................................................................................passim

**STATE STATUTES**

Cal. Gov't Code § 815 ...............................................................................10

Cal. Gov't Code § 815.2 ...............................................................10, 11, 12

Cal. Gov't Code § 820.2 ...............................................................................11

Cal. Gov't Code § 820.4 ........................................................................11, 12

Cal. Gov't Code § 820.6 ...............................................................................12

Cal. Penal Code § 182 ..................................................................................11

Cal. Penal Code § 458 ..................................................................................11

Cal. Penal Code § 484 ..................................................................................11

Cal. Penal Code § 496 ..................................................................................11

Cal. Penal Code § 502 ..................................................................................11

Cal. Penal Code § 830.1 ...............................................................................11

**FEDERAL RULES**

Fed. R. Civ. P. 12(b)(6) ...........................................................................4, 15

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MEMO. OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COUNTY OF LOS ANGELES'
MOTION TO DISMISS PLAINTIFF MAYA LAU'S COMPLAINT FOR DAMAGES AND OTHER RELIEF

# I.    **INTRODUCTION**

Plaintiff was a journalist for the Los Angeles Times until 2021.  In 2024, she learned she was previously the subject of a criminal investigation conducted by the Los Angeles County Sheriff's Department ("Department").  This investigation concluded after Plaintiff left the Times and was spearheaded by former Sheriff Alex Villanueva.  Plaintiff alleges the investigation was intended to retaliate against her for articles she wrote about Villanueva and/or the Department.

Plaintiff was not aware of the investigation at the time.  Instead, she learned about it in 2024 after the California Attorney General decided not to pursue criminal charges.  Meaning, Plaintiff was never arrested, charged with a crime, or even questioned.  She did not lose any employment and does not claim her reputation was damaged.  Nevertheless, Plaintiff filed this lawsuit against Villanueva, former undersheriff Timothy Murakami, and former detective Mark Lillienfeld (the "Individual Defendants"), as well as the County of Los Angeles (the "County").

Plaintiff brings two causes of action against the County: (1) a section 1983 First Amendment retaliation claim based on *Monell*; and (2) a state-law Bane Act claim.  Both claims fail as a matter of law.

To bring a section 1983 claim, a plaintiff must allege the "deprivation of a right secured by the Constitution and laws of the United States." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).  Plaintiff points only to the criminal investigation that did not result in any charges, arrest, or trial.  Courts nationwide have held that a criminal investigation, without more, does not violate a person's constitutional rights as a matter of law.  *E.g.*, *Colson v. Grohman*, 174 F.3d 498, 513 (5th Cir. 1999) (municipality not liable for First Amendment retaliation where police chief's confidential investigation of plaintiff resulted in no arrest or charges, because "retaliatory criticisms, investigations, and false accusations that do not lead to some more tangible adverse action are not actionable under § 1983").

To bring a Bane Act claim, Plaintiff similarly must allege the violation of a

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

1    constitutional right that is caused by "threats, intimidation, or coercion." *Shoyoye v.*

2    *County of Los Angeles*, 203 Cal. App. 4th 947, 956 (2012).  As discussed, there is no

3    predicate constitutional violation.  Plaintiff also does not allege any violation caused

4    by "threats, intimidation, or coercion."  In addition, the California Government

5    Code provides that the County is statutorily immune from Plaintiff's Bane Act claim

6    in the first place.

7         Plaintiff's claims also fail because she has not pled a cognizable injury

8    capable of redress.  She indicates her claims seek to rectify harms being suffered by

9    Los Angeles journalists, but she does not allege facts to show the Department

10   currently has any policy related to retaliatory investigations of journalists.  Nor is

11   Plaintiff a Los Angeles journalist.  And Plaintiff's only alleged injury is a vague

12   reference to "anxiety," which is insufficient to support a cognizable harm.

13        Last, the County is the only proper defendant.  Plaintiff alleges the Individual

14   Defendants all acted within their official capacities as members of the Department,

15   therefore they are redundant and unnecessary.  *See, e.g.*, *Pierce v. San Mateo Cnty.*

16   *Sheriff's Dep't*, 232 Cal. App. 4th 995, 1018 (2014).

17        For all of these reasons the Court should dismiss Plaintiff's claims against the

18   County with prejudice, and without leave to amend.

19   **II.    PLAINTIFF'S ALLEGATIONS**

20        **A.    McDonnell Investigation**

21        Plaintiff was an investigative journalist for the Los Angeles Times from 2016

22   to 2021.  (Compl. ¶ 25.)  In 2017, the Times published an article by Plaintiff

23   regarding a confidential list of deputy misconduct maintained by the Department.

24   (*Id.* ¶¶ 4–6.)  In 2018, the Times published a second article about the list, also

25   written by Plaintiff.  (*Id.* ¶ 10.)  As part of her reporting, Plaintiff had obtained and

26   reviewed a 2014 copy of the list.  (*Id.* ¶ 4.)  Neither article identified when, how, or

27   from whom Plaintiff obtained the list.  (*Id.* ¶¶ 4, 10 (containing links to articles).)

28        In 2017, former Sheriff Jim McDonnell opened an investigation into how

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MEMO. OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COUNTY OF LOS ANGELES'
MOTION TO DISMISS PLAINTIFF MAYA LAU'S COMPLAINT FOR DAMAGES AND OTHER RELIEF

1  Plaintiff obtained the list.  (*Id.* ¶ 12.)  Nothing came of the investigation.  Plaintiff

2  does not allege McDonnell's investigation forms the basis for any of her claims.

3  **B.  Villanueva Investigation**

4  In 2018, Villanueva was elected Sheriff.  (Complaint ¶¶ 26, 51.)  Sometime

5  after his election, Villanueva opened an investigation into how Plaintiff obtained the

6  list.  (*Id.* ¶¶ 26, 51, 56.)  Plaintiff alleges that this second investigation was carried

7  out by "Villanueva's hand-picked Civil Rights and Public Integrity Detail" (the

8  "Detail").  (*Id.* ¶¶ 19–20.)

9  Plaintiff alleges that Villanueva created the Detail "to target and harass

10  individuals who used their public positions to criticize Sheriff Villanueva and the

11  LASD."  (*Id.* ¶ 52.)  This allegedly was not limited to journalists like Plaintiff—the

12  Detail's investigations were targeted at public officials who disagreed with

13  Villanueva's conduct as sheriff.  (*Id.* ¶¶ 13, 71.)  For example, Villanueva directed

14  the Detail to investigate County Inspector General Max Huntsman (*id.* ¶ 72), and to

15  investigate a non-profit associated with former County Board Supervisor Sheila

16  Kuehl (*id.* ¶ 78).  Villanueva also publicly accused former County CEO Sachi

17  Hamai of criminal conduct.  (*Id.* ¶ 75.)

18  The Detail's investigation into Plaintiff was conducted by Lillienfeld.  (*Id.*

19  ¶ 27.)  Plaintiff alleges the investigation was conducted "secretly" and that she was

20  not aware of it while it was happening.  (*See id.* ¶ 3.)  Accordingly, Plaintiff was not

21  questioned in connection with the investigation; nor does she allege that anyone

22  connected to her was questioned.

23  At the conclusion of the investigation, Murakami sent the case file to the

24  California Attorney General in "fall 2021."  (*Id.* ¶¶ 3, 25 28.)  By that time, Plaintiff

25  had already left the Times and was no longer working as an investigative journalist.

26  (*See id.*)  Plaintiff does not allege that the investigation led to her leaving the Times

27  or that it has had any adverse impact on her employment elsewhere.

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

3

**C.    Plaintiff Learns Of Villanueva's Investigation In 2024**

Villanueva lost reelection in 2022 and was succeeded by Sheriff Robert Luna. (Compl. ¶¶ 13, 26.)  In May 2024, the Attorney General declined to pursue any charges against Plaintiff.  (*Id.* ¶¶ 16, 64.)  This was reported by the Times in July 2024.  (*Id.* ¶ 3.)  That is how Plaintiff learned about the investigation—after it was completed and decided that no charges would be filed.  (*Id.* ¶¶ 3, 25.)

Plaintiff does not allege that the Department, under Sheriff Luna's tenure, has investigated journalists for any reason—retaliatory or otherwise.  On the contrary, Plaintiff admits that the Department issued a statement that it does "not monitor journalists" and "respect[s] the freedom of the press."  (*See id.* ¶ 3.)  Plaintiff has not accused Sheriff Luna of any wrongdoing and he is not a defendant in this case.

**D.    Plaintiff's Complaint**

Plaintiff filed this lawsuit in May 2025.  She brings a First Amendment Retaliation and two Conspiracy claims solely against the Individual Defendants. (Complaint ¶¶ 91–108, 121–27.)  She brings a section 1983 First Amendment retaliation claim against the County based on *Monell* and a Bane Act claim against all defendants.  (*Id.* ¶¶ 109–20.)

**III.    LEGAL STANDARD**

A plaintiff must provide specific factual allegations to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[A] formulaic recitation of the elements of a cause of action will not do." *Id.*  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability," it must be dismissed because it fails to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 557, 570).

Similarly, "unadorned, the-defendant-unlawfully-harmed-me accusation[s],' bare 'labels and conclusions,' or 'naked assertion[s] devoid of further factual enhancement'" do not suffice. *Zuurveen by & through Zuurveen v. L.A. Cnty. Dep't of Health Servs.*, 2022 WL 14966244, at *3 (C.D. Cal. Sept. 28, 2022) (quoting

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

1  *Iqbal*, 556 U.S. at 678).

2  "[U]nwarranted inferences" similarly "are insufficient to defeat a motion to

3  dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).  So are

4  "conclusions cast in the form of factual allegations." *Ileto v. Glock Inc.*, 349 F.3d

5  1191, 1200 (9th Cir. 2003).  Courts do not accept "allegations that contradict matters

6  properly subject to judicial notice or by exhibit." *Sprewell v. Golden State*

7  *Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

8  **IV.    ARGUMENT**

9      **A.    Villanueva's Investigation Cannot Support A Section 1983 Claim**

10      Plaintiff's First Amendment claim is premised upon her allegation that

11  Villanueva's investigation violated her Constitutional rights.  She seeks to hold the

12  County liable for Villanueva's actions under *Monell*.  In order to do so, Plaintiff

13  must first establish that, pursuant to section 1983, there was: "(1) deprivation of a

14  right secured by the Constitution and laws of the United States, and (2) that the

15  deprivation was committed by a person acting under color of state law." *Tsao*, 698

16  F.3d at 1138.  Plaintiff fails this first step, because there is no right under the

17  Constitution to be free from a criminal investigation.

18      **1.    A Criminal Investigation Without Consequence Is Not**

19          **Actionable Under Section 1983**

20      "The initiation of a criminal investigation in and of itself does not implicate a

21  federal constitutional right." *Rehberg v. Paulk*, 611 F.3d 828, 850 n.24 (11th Cir.

22  2010), *aff'd*, 566 U.S. 356 (2012).  Consequently, "[n]o § 1983 liability can attach

23  merely because the government initiated a criminal investigation." *Id.*; *see also*

24  *United States v. Trayer*, 898 F.2d 805, 808 (D.C. Cir. 1990) ("there is no

25  constitutional right to be free of *investigation*"); *Aponte v. Calderon*, 284 F.3d 184,

26  193 (1st Cir. 2002) (noting that district court erred by finding "a constitutionally

27  protected interest in being free from investigation").

28      Instead, a plaintiff must show there was an additional action taken ***beyond*** the

1   investigation itself, like an arrest or indictment.  *Colson* in instructive.  There, a city

2   councilwoman publicly criticized the city's police budget and proposed staffing

3   reductions.  *Colson*, 174 F.3d at 500.  After her proposal was adopted, the police

4   chief "began using the powers of his office to retaliate against her."  *Id.*  This

5   included submitting a "'confidential investigation' memorandum" to the DA

6   alleging the councilwoman had violated various open public meetings laws.  *Id.*

7   The police chief admitted that he knew at least two incidents he referred "did not

8   constitute crimes."  *Id.*  The police chief then submitted two more confidential

9   reports to the DA, accusing the councilwoman of other crimes.  *Id.* at 500–01.

10   The DA concluded no crime had occurred and declined to bring criminal

11   charges.  *Id.* at 501.  The DA told the police chief that he "was attempting to use the

12   District Attorney's Office in a personal battle with [the councilwoman] and other

13   Council members."  *Id.*  The police chief then prepared a recall petition against the

14   councilwoman, accusing her of committing the crimes that the DA declined to

15   pursue.  *Id.* at 501–02.  He also continued to report alleged criminal behavior to the

16   DA, seeking prosecution.  *Id.* at 503–04.

17   The police chief later testified before a grand jury and accused the

18   councilwoman of crimes, despite being instructed by the DA not to do so.  *Id.* at

19   504.  The grand jury declined to indict her, and found no probable cause to support

20   any crime.  *Id.*  Four months later, the councilwoman lost her bid for reelection.  *Id.*

21   She sued the police chief, other officials, and the city under section 1983 for First

22   Amendment retaliation.  *Id.*  In affirming a grant of summary judgment, the Fifth

23   Circuit held that, ***as a matter of law***, these alleged facts could not support a First

24   Amendment retaliation claim.  *Id.* at 511–12.

25   *Colson*'s holding was rooted equally in the law and common sense:

26   "[R]etaliatory criticisms, investigations, and false accusations that do not lead to

27   some more tangible adverse action are not actionable under § 1983."  *Id.* at 513.

28   This is so because not "all disadvantages imposed for the exercise of First

Miller Barondess, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

1    Amendment freedoms constitute actionable retaliation." *Id.* at 510.  *Colson*

2    emphasized that the councilwoman was "never arrested, indicted, or subjected to a

3    recall election," nor did she receive a formal reprimand.  *Id.* at 511.  Because no

4    steps were taken beyond an investigation, the councilwoman had "not alleged any

5    First Amendment deprivation actionable under § 1983."  *Id.* at 514; *see also Lincoln*

6    *v. Maketa*, 880 F.3d 533, 540 (10th Cir. 2018) ("an investigation is a far cry from

7    formally filing charges and bringing someone to trial").[1]

8         In *Shiver v. City of Homestead*, 2021 WL 5174526, at *1–2 (S.D. Fla. Oct. 4,

9    2021), the plaintiff posted critical statements about the city's government on social

10   media, and repeatedly confronted the city's police department about improper

11   policing.  The police department conducted "three separate criminal investigations"

12   of plaintiff, all of which were confidential.  *Id.* at *3–4.  The police department

13   forwarded its findings to the press and to the plaintiff's employer.  *Id.* *4–5.

14   Plaintiff sued two police officers, a city official, and the city pursuant to section

15   1983, alleging violations of his constitutional rights.  *Id.* at *6.

16        The district court granted the defendants' motions to dismiss.  *Id.* at *21.  In

17   granting the city's motion, the court held plaintiff's complaint did not state a claim

18   for municipal liability because a "retaliatory investigation" does not implicate a

19   protected constitutional right.  *Id.* at *20.  Elsewhere, it emphasized the lack of

20   alleged harm due to the confidential nature of the investigations: "the Second

21   Amended Complaint does not allege that Plaintiff even knew about the investigation

22   while it was allegedly happening. . . .  To the contrary, the Second Amended

23   Complaint alleges that Defendants Rivera and Mead conducted a 'clandestine

24   investigation without a legitimate law enforcement purpose[.]'"  *Id.* at *10.

---

[1] Although the Ninth Circuit has not addressed this issue head on, it has favorably
cited *Colson*, *Rehberg*, and *Lincoln* in the qualified immunity context.  *See, e.g.*,
*Moore v. Garnand*, 83 F.4th 743, 753 (9th Cir. 2023).

District courts nationwide have reached similar conclusions. *See, e.g., Roark v. United States*, 2013 WL 1071778, at *5 (D. Or. Mar. 12, 2013) (dismissing *Bivens* claim based on holding that "a plaintiff cannot evince the existence of a constitutional tort based on a retaliatory investigation"); *Yazid-Mazin v. McCormick*, 2013 WL 5758716, at *4 n.5 (D.N.J. Oct. 24, 2013) ("Simply conducting a retaliatory investigation with a view to promote a prosecution does not state a claim under § 1983."); *Trueman v. United States*, 2015 WL 1456134, at *13 (E.D.N.C. Mar. 30, 2015), *aff'd*, 615 F. App'x 122 (4th Cir. 2015) (collecting cases and holding "[t]he court agrees with these other courts that conducting a retaliatory investigation does not, in and of itself, form the basis of a constitutional tort").

## 2.    Villanueva's Investigation Cannot Establish a Constitutional Violation

Villanueva's investigation cannot support a section 1983 claim as a matter of law. Plaintiff alleges she was "secretly" investigated. (Compl. ¶ 3.) She did not learn about the investigation until nearly three years after she left the Times. (*Id.* ¶¶ 3, 25.) And she did not discover it until ***after*** the Attorney General had already decided no criminal charges would be filed. (*See id.* ¶¶ 16, 64.) Plaintiff does not allege any other actions were taken against her. She does not allege she was ever indicted, arrested, or even questioned. Nor does she allege she lost employment.

Plaintiff is no different from the councilwoman in *Colson*. And there, the allegations were far worse. Unlike Villanueva's alleged actions, the police chief in *Colson* repeatedly investigated the councilwoman; drafted a public petition seeking to remove her from her job; testified at a grand jury about her alleged crimes; and continued to press the issue despite being told to stop by the DA. *Colson*, 174 F.3d at 500–04. Despite all of that taking place, because no action was ever taken on the investigation, no constitutional right was implicated. *See id.* at 510–14.

The same applies here. Villanueva's "secret" investigation, which resulted in no action being taken against Plaintiff, cannot support her constitutional claim

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MEMO. OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COUNTY OF LOS ANGELES'
MOTION TO DISMISS PLAINTIFF MAYA LAU'S COMPLAINT FOR DAMAGES AND OTHER RELIEF

against the County as a matter of law.  *Accord Shiver*, 2021 WL 5174526, at \*10, 20.  This defect cannot be cured by amendment, and the case should be dismissed.

### B.    Plaintiff's Derivative Bane Act Claim Fails

Plaintiff's only other claim against the County is under California's Bane Act. (Compl. ¶¶ 115–20.)  "A defendant is liable [under the Bane Act] if he or she interfered with or attempted to interfere with the plaintiff's constitutional rights by the requisite threats, intimidation, or coercion."  *Shoyoye*, 203 Cal. App. 4th at 956. "[T]he statute was intended to address only egregious interferences with constitutional rights, not just any tort."  *Ctr. for Bio-Ethical Reform, Inc. v. Irvine Co.*, 37 Cal. App. 5th 97, 115 (2019) (citation omitted).  To that point, "[t]he Legislature enacted [the Bane Act] to stem a tide of hate crimes."  *Jones v. Kmart Corp.*, 17 Cal. 4th 329, 338 (1998).

Plaintiff's Bane Act claim fails for several reasons.

### 1.    No Constitutional Violation

Plaintiff cannot allege a predicate constitutional violation because a criminal investigation, standing alone, does not violate a constitutional right.  (*See supra* § IV.A.)  *See, e.g., Williamson v. City of National City*, 23 F.4th 1146, 1155 (9th Cir. 2022) (noting that the Bane Act requires the existence of an underlying constitutional violation).

### 2.    No "Threats, Intimidation, or Coercion"

Plaintiff's Complaint does not plead facts to support that any alleged constitutional right of hers was interfered with by "threats, intimidation, or coercion."  In fact, Plaintiff alleges the exact ***opposite***—that the investigation was conducted in "secret" and that she did not learn of it until three years later, after it had already been concluded she did nothing wrong.  (Compl. ¶¶ 3, 25.)  Put simply, she was never threatened, intimidated, or coerced by anyone at the Department.

California courts have not defined "threats, intimidation, or coercion," so courts in this district have looked to the ordinary meaning of those terms.  *Gomez v.*

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

1    *County of Los Angeles*, 2009 WL 10699670, at *16 (C.D. Cal. Aug. 17, 2009)

2    (granting motion to dismiss).  *Gomez* noted that: (1) "threat" involves a

3    "***communicated*** intent to inflict harm"; (2) "to intimidate" meant "to inspire or

4    affect with fear . . . ***to compel to action or inaction***"; and (3) "coercion" means "the

5    . . . use of physical or moral force to compel to act or assent." *Id.* (emphases added).

6         Plaintiff does nothing more than recite the legal standard of a Bane Act claim

7    requiring a "threat, intimidation, or coercion." (*See* Compl. ¶ 116.)  She does not

8    allege specific facts for any of these elements.  Plaintiff does not allege that any of

9    the Individual Defendants threatened her; she does not even allege any of the

10    Individual Defendants or anyone else at the Department ever communicated with

11    her about the investigation.  Plaintiff does not allege that Villanueva's investigation

12    compelled any action or inaction by her, nor could she—Plaintiff did not know

13    about the investigation until after it was over.  (*See id*. ¶¶ 3, 25.)  Lastly, Plaintiff

14    does not allege that any "physical or moral force" compelled her to act in any

15    particular way.

16           **3.**    **The County is Statutorily Immune**

17         As a public entity, the County may only be held liable to the extent provided

18    by statute.  Cal. Gov't Code § 815.  Government Code section 815 must be read

19    together with section 815.2.  *Glair v. City of Los Angeles*, 2014 WL 12933137, at *3

20    (C.D. Cal. Feb. 19, 2014).  Section 815.2(b) provides that a public entity cannot be

21    liable "for an injury resulting from an act or omission of an employee of the public

22    entity where the employee is immune from liability."  Cal. Gov't Code § 815.2(b).[2]

23    "In other words, if a public *employee* whose actions form the basis of a plaintiff's

24

25    _____

    [2] Plaintiff's Bane Act and section 1983 claims alternatively fail because, to the

26    extent Plaintiff argues Individual Defendants' actions were taken to vindictively

27    target Villanueva's perceived opponents, such actions were neither within the course

or scope of Individual Defendants' roles, *see* Cal. Gov't Code § 815.2(a), nor were

28    they conducted under color of state law, *see Tsao*, 698 F.3d at 1138.

MEMO. OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COUNTY OF LOS ANGELES'
MOTION TO DISMISS PLAINTIFF MAYA LAU'S COMPLAINT FOR DAMAGES AND OTHER RELIEF

1  complaint would be immune from liability, the public *entity* to which he belongs

2  would also be immune." *Glair*, 2014 WL 12933137, at *3.

### (a)    California Government Code Section 820.2

4  Section 820.2 provides that "a public employee is not liable for an injury

5  resulting from his act or omission where the act or omission was the result of the

6  exercise of the discretion vested in him, whether or not such discretion be abused."

7  Cal. Gov't Code § 820.2.  "Discretion" is implicated by "policy decisions" as

8  opposed to "operational decisions."  *E.g.*, *Barner v. Leeds*, 24 Cal. 4th 676, 685

9  (2000).

10  Plaintiff alleges the decision to investigate her was "an official policy" that

11  was "adopted by senior LASD officials who acted as final policymakers."  (Compl.

12  ¶ 18.)  She alleges both Villanueva and Murakami were "policymakers."  (*Id.* ¶ 12.)

13  Plaintiff is bound by her allegations that this was a policy-based decision.  Section

14  820.2 therefore applies, meaning that the County is immune under section 815.2(b).

### (b)    California Government Code Section 820.4

16  Section 820.4 provides that "[a] public employee is not liable for his act or

17  omission, exercising due care, in the execution or enforcement of any law."  Cal.

18  Gov't Code § 820.4.  But Plaintiff does not allege any facts to show that the

19  investigation was executed ***without*** due care, nor do the words "due care" appear

20  anywhere in her Complaint.

21  Plaintiff alleges the investigation focused on violations of five criminal laws:

22  (1) Conspiracy, Cal. Penal Code § 182; (2) Theft, Cal. Penal Code § 484 *et seq.*; (3)

23  Unlawful Access of a Computer, Cal. Penal Code § 502; (4) Burglary, Cal. Penal

24  Code § 458 *et seq.*; and (5) Receipt of Stolen Property, Cal. Penal Code § 496.  (*See*

25  Compl. ¶ 62.)  A sheriff, undersheriff, or deputy sheriff are themselves vested with

26  authority to carry out investigations by California law.  *See* Cal. Penal Code § 830.1.

27  Plaintiff alleges the investigation did not uncover any evidence resulting in

28  criminal charges.  (Compl. ¶¶ 62–64.)  But that is not the same as alleging a lack of

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

due care.  As a practical matter, thousands of investigations happen statewide every day, and not all will result in charges.  If a lack of charges is all it takes to defeat section 820.4 immunity, it would rarely apply.  On the contrary, section 820.4 specifically enumerates the two types of actions that are ***not*** immune: "false arrest or false imprisonment."  Cal. Gov't Code § 820.4.  The inclusion of this language makes clear that the California legislature was concerned with the resulting actions taken by officers that wrongfully deny individuals their freedom, not the underlying investigations themselves.  Plaintiff was never charged, arrested, or imprisoned.

Plaintiff's other allegations that the investigations were maliciously motivated are irrelevant.  *See, e.g.*, *Miller v. Hoagland*, 247 Cal. App. 2d 57, 62 (1966) ("Even though Miller, as a pleader, used such words as malice and maliciously, the protection of immunity is not destroyed through the mere use of terms such as those contained in the amended complaint.  The 1963 California Tort Claims Act extends immunity to public employees even if discretion is abused by them, and even if their act is malicious and without probable cause, or is an intentional tort.").

The California legislature expressed a clear intention that malice or bad faith cannot preclude section 820.4 immunity.  It specifically included such exceptions in other sections of the Government Code, but declined to so in section 820.4.  *See* Cal. Gov't Code § 820.6 (providing immunity where "a public employee acts in good faith, without malice, and under the apparent authority of an enactment that is unconstitutional"); *Paul Revere Ins. Grp. v. United States*, 500 F.3d 957, 962 (9th Cir. 2007) (legislature "acts intentionally and purposely when it includes particular language in one section of a statute but omits it in another").

Plaintiff does not allege facts to show the investigations were executed without due care.  That is the end of the analysis.  Section 820.4 applies to the Individual Defendants, meaning that the County is immune under section 815.2(b).

## C.    <u>Plaintiff Does Not Allege Any Redressable Injury</u>

Plaintiff is the only party seeking relief in this case.  The Los Angeles Times

Miller Barondess, LLP
Attorneys at Law
2121 Avenue of the Stars, Suite 2600  Los Angeles, California 90067
Tel: (310) 552-4400   Fax: (310) 552-8400

1    is not a plaintiff, nor is any other member of the press.  Nevertheless, the Complaint

2    alludes to speculative harm suffered not only on Plaintiff's behalf, but on behalf of

3    "journalists in Los Angeles" and "the freedom of the press." (*See* Compl. ¶¶ 83,

4    85.)  Plaintiff alleges only that ***she*** has suffered "anxiety." (*Id.* ¶ 84.)

5        Plaintiff's requests for relief suffer from two impediments.  First, Plaintiff

6    lacks standing to seek any redress on behalf of Los Angeles journalists because she

7    does not allege facts to show the Department ***currently*** has any policy related to

8    retaliatory investigations of journalists.  Nor is Plaintiff a Los Angeles journalist.

9    Second, Plaintiff's only alleged injury is a vague reference to "anxiety," which is

10   insufficient to support a cognizable harm.

### 1.    Plaintiff Lacks Standing

12       Plaintiff lacks standing to seek damages for harms suffered by "journalists in

13   Los Angeles" or "the freedom of the press." (Compl. ¶ 83, 85.)  To establish Article

14   III standing, a plaintiff must allege that they "(1) suffered an injury in fact, (2) that is

15   fairly traceable to the challenged conduct of the defendant, and (3) that is likely to

16   be redressed by a favorable judicial decision." *M.S. v. Brown*, 902 F.3d 1076, 1083

17   (9th Cir. 2018).  To establish redressability, the plaintiff's burden is to demonstrate

18   that the relief sought is not "speculative," but that it is instead "likely" that the relief

19   will address ***plaintiff's*** injury. *Id.*  Plaintiff cannot do so for two reasons.

20       ***First***, Plaintiff's Complaint is premised upon an alleged retaliatory policy that

21   was in place under the prior Villanueva regime. (*See, e.g.*, Compl. ¶¶ 19–20.)

22   Villanueva has not been sheriff for three years. (*Id.* ¶ 26.)  He was succeeded by

23   current sheriff Robert Luna.  Plaintiff does not allege that the Department, under

24   Sheriff Luna's tenure, has investigated journalists for any reason.  And the very

25   article she cites in support of her Complaint has a statement from the Department

26   that the Luna administration does "not monitor journalists" and "respect[s] the

27   freedom of the press." (*See id.* ¶ 3.)  There is therefore no "injury" to redress.

28       ***Second***, Plaintiff cannot seek relief on behalf of "journalists in Los Angeles,"

739308.2                                13

since she no longer resides in Los Angeles.  Plaintiff currently—and for years—has resided in Mexico City, Mexico.  (*See* Request for Judicial Notice at Ex. 1.) Plaintiff is also not a journalist.  (*See id.* Ex. 2 (describing plaintiff as a podcast host).)[3]

To the extent Plaintiff seeks to prospectively prevent the Department from implementing a future policy along the lines of the alleged policy under Villanueva, such a claim is premature and not ripe.  *Coons v. Lew*, 762 F.3d 891, 897 (9th Cir. 2014), *as amended* (Sept. 2, 2014) (ripeness doctrine not satisfied where injury is not "*certainly impending*," and "allegations of *possible* future injury are not sufficient").  Plaintiff has not alleged any current policy exists, and admits the Department has stated that no such policy exists under Sheriff Luna.  (*See* Compl. ¶ 3.)  Any claim that Villanueva's alleged policy may be implemented again in the future is speculative at best.  Allowing such a claim to proceed at this time would cause the Court to issue an advisory opinion, which it is not permitted to do.  *Garcia v. City of Los Angeles*, 481 F. Supp. 3d 1031, 1047 n.25 (C.D. Cal. 2020), *aff'd*, 11 F.4th 1113 (9th Cir. 2021) ("the Court may not issue an advisory opinion; it may adjudicate only 'concrete legal issues, presented in actual cases, not abstractions'").

### 2.    <u>Plaintiff Does Not Sufficiently Allege a Cognizable Harm</u>

At bottom, Plaintiff's Complaint contains only one vague reference to the damages she suffered: "anxiety."  (*See* Compl. ¶ 84.)  Plaintiff provides no details about this—not what she is anxious about, why she is anxious, or how it impacts her daily life.

Numerous California state and federal courts have held that generalized assertions of "anxiety" are not enough to sustain a claim for damages at the

---

[3] To the extent Plaintiff's speculative allegations regarding future chilling of the freedom of the press inform her request for punitive damages, the County is immune from such damages.  *E.g.*, *Perez v. City of Fresno*, 591 F. Supp. 3d 725, 769 (E.D. Cal. 2022), *aff'd*, 98 F.4th 919 (9th Cir. 2024) (collecting cases).

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

pleadings stage.  *See, e.g.*, *Medoff v. Minka Lighting, LLC*, 2023 WL 4291973, at *9 (C.D. Cal. May 8, 2023)* ("Plaintiff only alleges that he has 'anxiety and increased concerns for the loss of his privacy.'. . .  These allegations are the type of 'conclusory and vague' allegations which courts have held are insufficient to sustain a [ ] claim at the motion to dismiss stage."); *Wong v. Jing*, 189 Cal. App. 4th 1354, 1377–78 (2010) (noting, in both NIED and IIED context, that "generalized anxiety" cannot support either claim for emotional distress); *see also Payne v. Off. of the Comm'r of Baseball*, 705 F. App'x 654, 655 (9th Cir. 2017) (rejecting argument that "general anxiety about being injured by foul balls constitutes an injury-in-fact, because it is based on 'fears of hypothetical future harm that is not certainly impending'").

Plaintiff's general allegation regarding anxiety is simply not enough to allege a cognizable harm.  Rule 12(b)(6) requires more.

### D.    The County Is The Only Proper Defendant

The County is the only proper defendant in this case (if any).  The Complaint does not allege any individual capacity claims against the Individual Defendants. Instead, it generally alleges that the Individual Defendants used the powers of the Department to carry out an "unlawful" investigation.  (*E.g.*, Compl. ¶ 65.)

Plaintiff goes even further, and alleges that the County—not the Individual Defendants—will be responsible for any judgment entered in this case:  "The County is liable for all torts committed by Defendants pursuant to California law. The County is also responsible for indemnifying judgments against Defendants. The County is responsible for the policies, practices, and customs of the Los Angeles County Sheriff's Department that caused the unconstitutional investigation and attempted prosecution of Ms. Lau, and Defendants Villanueva and Murakami had final policymaking authority for the relevant policies, practices, and customs of the County."  (*Id.* ¶ 30.)  It is clear, therefore, that she is alleging official-capacity claims against the Individual Defendants.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

739308.2

15

It is well-settled that official-capacity claims can only be brought against a governmental entity. *Pierce*, 232 Cal. App. 4th at 1018; *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). Accepting Plaintiff's allegations as true, the Individual Defendants were working in their official capacities as County employees and are therefore redundant and unnecessary. *See id.* Consequently, in the event this lawsuit moves forward, the Individual Defendants should be dismissed.

## V.    CONCLUSION

For the foregoing reasons, the Court should grant the County's Motion, and dismiss this case with prejudice and without leave to amend.

DATED:  August 4, 2025                   Respectfully Submitted,

MILLER BARONDESS, LLP

By:    /s/ *Jason H. Tokoro*
         JASON H. TOKORO
         Attorneys for Defendant
         COUNTY OF LOS ANGELES