LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
STEVEN G. WILLIAMSON (State Bar No. 343842)
swilliamson@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for Defendant
COUNTY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MAYA LAU,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES; ALEX VILLANUEVA; MARK LILLIENFELD; and TIM MURAKAMI,<br><br>    Defendants. | **CASE NO. 2:25-cv-04766 SPG (BFMx)**<br><br>**DEFENDANT COUNTY OF LOS ANGELES' NOTICE OF MOTION TO DISMISS PLAINTIFF MAYA LAU'S FIRST AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF**<br><br>[*Filed Concurrently with Memorandum of Points and Authorities; Declaration of Jason H. Tokoro; Request for Judicial Notice; and [Proposed] Order*]<br><br>Date:    September 10, 2025<br>Time:    1:30 p.m.<br>Crtrm.:  5C - First Street Courthouse<br><br>Assigned to the Hon. Sherilyn Peace Garnett, Crtrm. 5C and Magistrate Judge Brianna Fuller Mircheff, Crtrm. 780<br><br>Trial Date:    None Set |

748376.2

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 10, 2025, at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Sherilyn Peace Garnett, United States District Judge, in Courtroom 5C of the First Street Courthouse, located at 350 West First Street, Los Angeles, California 90012, Defendant County of Los Angeles (the "County"), will, and hereby does, move for an order dismissing the First Amended Complaint for Damages and Other Relief ("FAC") filed by Plaintiff Maya Lau, pursuant to Rule 12(b)(6) on the ground that the FAC fails to state a claim upon which relief can be granted.

Plaintiff's FAC brings one cause of action against the County: a section 1983 First Amendment retaliation claim based on *Monell*. (Dkt. No. 30.) Plaintiff filed her FAC just hours after the County filed its Motion to Dismiss her Original Complaint. (Dkt. No. 29.) Despite previously meeting and conferring pursuant to Local Rule 7-3, Plaintiff provided the County with no indication that she intended to amend her Complaint. (*See* Declaration of Jason H. Tokoro ("Tokoro Decl.") ¶ 7.) Her FAC removed the Bane Act cause of action against the County and the Individual Defendants and the Civil Conspiracy cause of action against the Individual Defendants. (*Id.* ¶ 8.)

Nevertheless, Plaintiff's factual allegations to support her First Amendment retaliation claim are unchanged between her Original Complaint and FAC. (*Compare* Dkt. No. 1 *with* Dkt. No. 30.) In other words, Plaintiff had the benefit of reading the County's Motion to Dismiss, and elected not to change any of her allegations. So not only does Plaintiff's *Monell* claim fail as a matter of law, but Plaintiff's pleading history makes clear that leave to amend would be futile since she has amended her pleading to address the County's arguments already.

To bring a section 1983 claim, a plaintiff must allege the "deprivation of a right secured by the Constitution and laws of the United States." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012). Plaintiff points only to the

criminal investigation that did not result in any charges, arrest, or trial.  Courts nationwide have held that a criminal investigation, without more, does not violate a person's constitutional rights as a matter of law.  *E.g.*, *Colson v. Grohman*, 174 F.3d 498, 513 (5th Cir. 1999) (municipality not liable for First Amendment retaliation where police chief's confidential investigation of plaintiff resulted in no arrest or charges, because "retaliatory criticisms, investigations, and false accusations that do not lead to some more tangible adverse action are not actionable under § 1983").

Plaintiff's claim also fails because she has not pled a cognizable injury capable of redress.  She indicates her claim seeks to rectify harms being suffered by Los Angeles journalists, but she does not allege facts to show the Los Angeles County Sheriff's Department (the "Department") currently has any policy related to retaliatory investigations of journalists.  Nor is Plaintiff a Los Angeles journalist—she lives in Mexico City.  And Plaintiff's only alleged injury is a vague reference to "anxiety," which is insufficient to support a cognizable harm.

Lastly, to the extent this case is permitted to proceed, the County is the only proper defendant.  Plaintiff alleges the Individual Defendants all acted within their official capacities as members of the Department.  *See, e.g.*, *Pierce v. San Mateo Cnty. Sheriff's Dep't*, 232 Cal. App. 4th 995, 1018 (2014).

## LOCAL RULE 7-3 STATEMENT

On July 11, 2025, the County sent Plaintiff a written meet-and-confer letter outlining the arguments in its Motion to Dismiss Plaintiff's Original Complaint. (Tokoro Decl. ¶ 4 & Ex. 3.)  Counsel for the parties held a conference of counsel pursuant to Local Rule 7-3, which took place on July 17, 2025, at 9:00 a.m. via a Microsoft Teams video conference.  (*Id.* ¶ 5.)  On that conference, the parties thoroughly discussed the substance and potential resolution of the County's original Motion.  (*Id.*)  Counsel for Plaintiff did not indicate any intention to amend Plaintiff's Original Complaint in any way in response to the County's arguments.

This Motion is made following a conference of counsel pursuant to Local

Rule 7-3, which took place on August 5, 2025, at 12:30 p.m. via a Microsoft Teams video conference. On that conference, the parties thoroughly discussed the substance and potential resolution of this Motion. (*See id.* ¶¶ 9–10.)

* * *

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Jason H. Tokoro and exhibits thereto, the Request for Judicial Notice, the pleadings and papers on file in this action and any oral argument that may be presented when the Motion is heard.

DATED: August 12, 2025             Respectfully Submitted,

                                        MILLER BARONDESS, LLP

                                      By:     /s/ *Jason H. Tokoro*
                                             JASON H. TOKORO
                                             Attorneys for Defendant
                                             COUNTY OF LOS ANGELES