LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
STEVEN G. WILLIAMSON (State Bar No. 343842)
swilliamson@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for Defendant
COUNTY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MAYA LAU,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF LOS ANGELES; ALEX VILLANUEVA; MARK LILLIENFELD; and TIM MURAKAMI,<br><br>    Defendants. | CASE NO. 2:25-cv-04766 SPG (BFMx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFF MAYA LAU'S FIRST AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF**<br><br>[*Filed Concurrently with Notice of Motion; Declaration of Jason H. Tokoro; Request for Judicial Notice; and [Proposed] Order*]<br><br>Date:    September 10, 2025<br>Time:    1:30 p.m.<br>Crtrm.: 5C - First Street Courthouse<br><br>Assigned to the Hon. Sherilyn Peace Garnett, Crtrm. 5C and Magistrate Judge Brianna Fuller Mircheff, Crtrm. 780<br><br>Trial Date:    None Set |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

748365.2

MEMO. OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COUNTY OF LOS ANGELES'
MOTION TO DISMISS PLAINTIFF MAYA LAU'S FAC FOR DAMAGES AND OTHER RELIEF

1
2

# **<u>TABLE OF CONTENTS</u>**

<u>Page</u>

I.      INTRODUCTION ........................................................................................ 1

II.     PLAINTIFF'S ALLEGATIONS ................................................................. 2

    A.    McDonnell Investigation .................................................................. 2

    B.    Villanueva Investigation ................................................................. 3

    C.    Plaintiff Learns Of Villanueva's Investigation In 2024 ...................... 4

    D.    Plaintiff's Lawsuit ........................................................................ 4

III.    LEGAL STANDARD ............................................................................... 5

IV.     ARGUMENT ........................................................................................... 6

    A.    Villanueva's Investigation Cannot Support A Section 1983 Claim ....................................................................................... 6

        1.    A Criminal Investigation Without Consequence Is Not Actionable Under Section 1983 ................................... 6

        2.    Villanueva's Investigation Cannot Establish a Constitutional Violation ....................................... 9

    B.    Plaintiff Does Not Allege Any Redressable Injury ............................. 10

        1.    Plaintiff Lacks Standing ................................................ 10

        2.    Plaintiff Does Not Sufficiently Allege a Cognizable Harm ....... 11

    C.    The County Is The Only Proper Defendant .......................................... 12

    D.    Leave to Amend Would Be Futile and Inequitable .............................. 13

V.      CONCLUSION ...................................................................................... 14

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

748365.2

i

MEMO. OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COUNTY OF LOS ANGELES'
MOTION TO DISMISS PLAINTIFF MAYA LAU'S FAC FOR DAMAGES AND OTHER RELIEF

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Adams v. Johnson*,
  355 F.3d 1179 (9th Cir. 2004)...................................................................5

*Aponte v. Calderon*,
  284 F.3d 184 (1st Cir. 2002) ....................................................................6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .............................................................................5, 12

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................................5

*Colson v. Grohman*,
  174 F.3d 498 (5th Cir. 1999).........................................................2, 6, 7, 9

*Coons v. Lew*,
  762 F.3d 891 (9th Cir. 2014) ...................................................................11

*Garcia v. City of Los Angeles*,
  481 F. Supp. 3d 1031 (C.D. Cal. 2020), *aff'd*, 11 F.4th 1113 (9th Cir. 2021).......................................................................................................11

*Ileto v. Glock Inc.*,
  349 F.3d 1191 (9th Cir. 2003) ...................................................................5

*Kentucky v. Graham*,
  473 U.S. 159 (1985) ................................................................................13

*Lincoln v. Maketa*,
  880 F.3d 533 (10th Cir. 2018)....................................................................7

*M.S. v. Brown*,
  902 F.3d 1076 (9th Cir. 2018)..................................................................10

*Medoff v. Minka Lighting, LLC*,
  2023 WL 4291973 (C.D. Cal. May 8, 2023) ...........................................11

*Moore v. Garnand*,
  83 F.4th 743 (9th Cir. 2023)......................................................................7

*Payne v. Off. of the Comm'r of Baseball*,
  705 F. App'x 654 (9th Cir. 2017)............................................................12

*Perez v. City of Fresno*,
  591 F. Supp. 3d 725 (E.D. Cal. 2022), *aff'd*, 98 F.4th 919 (9th Cir. 2024).......................................................................................................11

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

748365.2

ii

MEMO. OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFF MAYA LAU'S FAC FOR DAMAGES AND OTHER RELIEF

*Rehberg v. Paulk*,
611 F.3d 828 (11th Cir. 2010), *aff'd*, 566 U.S. 356 (2012) ...................................6

*Roark v. United States*,
2013 WL 1071778 (D. Or. Mar. 12, 2013) ...................................8

*Shiver v. City of Homestead*,
2021 WL 5174526 (S.D. Fla. Oct. 4, 2021) ...................................8, 9

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) ...................................5

*Trueman v. United States*,
2015 WL 1456134 (E.D.N.C. Mar. 30, 2015), *aff'd*, 615 F. App'x 122
(4th Cir. 2015) ...................................8

*Tsao v. Desert Palace, Inc.*,
698 F.3d 1128 (9th Cir. 2012) ...................................1, 6, 9

*United States v. Trayer*,
898 F.2d 805 (D.C. Cir. 1990) ...................................6

*Yazid-Mazin v. McCormick*,
2013 WL 5758716 (D.N.J. Oct. 24, 2013) ...................................8

*Zuurveen by & through Zuurveen v. L.A. Cnty. Dep't of Health Servs.*,
2022 WL 14966244 (C.D. Cal. Sept. 28, 2022) ...................................5, 12

## STATE CASES

*Barner v. Leeds*,
24 Cal. 4th 676 (2000) ...................................11

*Ctr. for Bio-Ethical Reform, Inc. v. Irvine Co.*,
37 Cal. App. 5th 97 (2019) ...................................9

*Jones v. Kmart Corp.*,
17 Cal. 4th 329 (1998) ...................................9

*Miller v. Hoagland*,
247 Cal. App. 2d 57 (1966) ...................................12

*Shoyoye v. County of Los Angeles*,
203 Cal. App. 4th 947 (2012) ...................................2, 9

*Wong v. Jing*,
189 Cal. App. 4th 1354 (2010) ...................................15

## FEDERAL STATUTES

42 U.S.C. § 1983 ...................................passim

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

748365.2

iii

MEMO. OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COUNTY OF LOS ANGELES'
MOTION TO DISMISS PLAINTIFF MAYA LAU'S FAC FOR DAMAGES AND OTHER RELIEF

**<u>STATE STATUTES</u>**

Cal. Gov't Code § 815 ................................................................................................ 10

Cal. Gov't Code § 815.2 ............................................................................... 10, 11, 12

Cal. Gov't Code § 820.2 ............................................................................................ 11

Cal. Gov't Code § 820.4 ..................................................................................... 11, 12

Cal. Gov't Code § 820.6 ............................................................................................ 12

Cal. Penal Code § 182 ............................................................................................... 11

Cal. Penal Code § 458 ............................................................................................... 11

Cal. Penal Code § 484 ............................................................................................... 11

Cal. Penal Code § 496 ............................................................................................... 11

Cal. Penal Code § 502 ............................................................................................... 11

Cal. Penal Code § 830.1 ............................................................................................ 11

**<u>FEDERAL RULES</u>**

Fed. R. Civ. P. 12(b)(6) ........................................................................................ 4, 15

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## I.  <u>INTRODUCTION</u>

Plaintiff was a journalist for the Los Angeles Times until 2021.  In 2024, she learned she was previously the subject of a criminal investigation conducted by the Los Angeles County Sheriff's Department ("Department").  This investigation concluded after Plaintiff left the Times and was spearheaded by former Sheriff Alex Villanueva.  Plaintiff alleges the investigation was intended to retaliate against her for articles she wrote about Villanueva and/or the Department.

Plaintiff was not aware of the investigation at the time.  Instead, she learned about it in 2024 after the California Attorney General decided not to pursue criminal charges.  Meaning, Plaintiff was never arrested, charged with a crime, or even questioned.  She did not lose any employment and does not claim her reputation was damaged.  Nevertheless, Plaintiff filed this lawsuit against Villanueva, former undersheriff Timothy Murakami, and former detective Mark Lillienfeld (the "Individual Defendants"), as well as the County of Los Angeles (the "County").

On August 4, 2025, the County moved to dismiss Plaintiff's Original Complaint.  (*See* Dkt. No. 29.)  Hours after the County filed its motion, and without any advance notice, Plaintiff filed her First Amended Complaint ("FAC").  (*See* Dkt. No. 30.)  Plaintiff now brings one cause of action against the County: a section 1983 First Amendment retaliation claim based on *Monell*.  Plaintiff's factual allegations to support this claim are unchanged between her Original Complaint and FAC.  (*Compare* Dkt. No. 1 *with* Dkt. No. 30.)  In other words, Plaintiff had the benefit of reading the County's Motion to Dismiss, and elected not to change any of her allegations.  So not only does Plaintiff's *Monell* claim fail as a matter of law, but Plaintiff's pleading history makes clear that another amendment will not save her.

To bring a section 1983 claim, a plaintiff must allege the "deprivation of a right secured by the Constitution and laws of the United States." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).  Plaintiff points only to the criminal investigation that did not result in any charges, arrest, or trial.  Courts

1

nationwide have held that a criminal investigation, without more, does not violate a person's constitutional rights as a matter of law. *E.g.*, *Colson v. Grohman*, 174 F.3d 498, 513 (5th Cir. 1999) (municipality not liable for First Amendment retaliation where police chief's confidential investigation of plaintiff resulted in no arrest or charges, because "retaliatory criticisms, investigations, and false accusations that do not lead to some more tangible adverse action are not actionable under § 1983").

Plaintiff's claim also fails because she has not pled a cognizable injury capable of redress. She indicates her claim seeks to rectify harms being suffered by Los Angeles journalists, but she does not allege the Department currently has any policy related to retaliatory investigations of journalists. Nor is Plaintiff a Los Angeles journalist—she lives in Mexico City. And Plaintiff's only alleged injury is a vague reference to "anxiety," which is insufficient to support a cognizable harm.

Last, to the extent this case is permitted to proceed, the County is the only proper defendant. Plaintiff alleges that the Individual Defendants all acted within their official capacities as members of the Department. The Individual Defendants are thus redundant and unnecessary. *See, e.g.*, *Pierce v. San Mateo Cnty. Sheriff's Dep't*, 232 Cal. App. 4th 995, 1018 (2014).

For all of these reasons the Court should dismiss Plaintiff's FAC against the County with prejudice, and without leave to amend.

## II.    PLAINTIFF'S ALLEGATIONS

### A.    McDonnell Investigation

Plaintiff was an investigative journalist for the Los Angeles Times from 2016 to 2021. (FAC ¶ 25.) In 2017, the Times published an article by Plaintiff regarding a confidential list of deputy misconduct maintained by the Department. (*Id.* ¶¶ 4–6.) In 2018, the Times published a second article about the list, also written by Plaintiff. (*Id.* ¶ 10.) As part of her reporting, Plaintiff had obtained and reviewed a 2014 copy of the list. (*Id.* ¶ 4.) Neither article identified when, how, or from whom Plaintiff obtained the list. (*Id.* ¶¶ 4, 10 (containing links to articles).)

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

In 2017, former Sheriff Jim McDonnell opened an investigation into how Plaintiff obtained the list. (*Id.* ¶ 12.) Nothing came of the investigation. Plaintiff does not allege McDonnell's investigation forms the basis for any of her claims.

### B.  Villanueva Investigation

In 2018, Villanueva was elected Sheriff. (FAC ¶¶ 26, 51.) Sometime after his election, Villanueva opened an investigation into how Plaintiff obtained the list. (*Id.* ¶¶ 26, 51, 56.) Plaintiff alleges that this second investigation was carried out by "Villanueva's hand-picked Civil Rights and Public Integrity Detail" (the "Detail"). (*Id.* ¶¶ 19–20.)

Plaintiff alleges that Villanueva created the Detail "to target and harass individuals who used their public positions to criticize Sheriff Villanueva and the LASD." (*Id.* ¶ 52.) This allegedly was not limited to journalists like Plaintiff—the Detail's investigations were targeted at public officials who disagreed with Villanueva's conduct as sheriff. (*Id.* ¶¶ 13, 71.) For example, Villanueva directed the Detail to investigate County Inspector General Max Huntsman (*id.* ¶ 72), and to investigate a non-profit associated with former County Board Supervisor Sheila Kuehl (*id.* ¶ 78). Villanueva also publicly accused former County CEO Sachi Hamai of criminal conduct. (*Id.* ¶ 75.)

The Detail's investigation into Plaintiff was conducted by Lillienfeld. (*Id.* ¶ 27.) Plaintiff alleges the investigation was conducted "secretly" and that she was not aware of it while it was happening. (*See id.* ¶ 3.) Accordingly, Plaintiff was not questioned in connection with the investigation; nor does she allege that anyone connected to her was questioned.

At the conclusion of the investigation, Murakami sent the case file to the California Attorney General in "fall 2021." (*Id.* ¶¶ 3, 25 28.) By that time, Plaintiff had already left the Times and was no longer working as an investigative journalist. (*See id.*) Plaintiff does not allege that the investigation led to her leaving the Times or that it has had any adverse impact on her employment elsewhere.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

MEMO. OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFF MAYA LAU'S FAC FOR DAMAGES AND OTHER RELIEF

### C. Plaintiff Learns Of Villanueva's Investigation In 2024

Villanueva lost reelection in 2022 and was succeeded by Sheriff Robert Luna. (FAC ¶¶ 13, 26.)  In May 2024, the Attorney General declined to pursue any charges against Plaintiff.  (*Id.* ¶¶ 16, 64.)  This was reported by the Times in July 2024.  (*Id.* ¶ 3.)  That is how Plaintiff learned about the investigation—after it was completed and decided that no charges would be filed.  (*Id.* ¶¶ 3, 25.)

Plaintiff does not allege that the Department, under Sheriff Luna's tenure, has investigated journalists for any reason—retaliatory or otherwise.  On the contrary, Plaintiff admits that the Department issued a statement that it does "not monitor journalists" and "respect[s] the freedom of the press."  (*See id.* ¶ 3.)  Plaintiff has not accused Sheriff Luna of any wrongdoing and he is not a defendant in this case.

### D. Plaintiff's Lawsuit

Plaintiff filed this lawsuit in May 2025.  (*See* Dkt. No. 1.)  She originally brought a First Amendment Retaliation and two Conspiracy claims solely against the Individual Defendants.  (*Id.* ¶¶ 91–108, 121–27.)  She also brought a section 1983 First Amendment Retaliation claim against the County based on *Monell* and a Bane Act claim against all defendants.  (*Id.* ¶¶ 109–20.)

On August 4, 2025, the County moved to dismiss Plaintiff's Complaint.  (*See* Dkt. No. 29.)  That Motion followed a meet-and-confer letter and a Rule 7-3 conference with Plaintiff, where the County urged Plaintiff to dismiss her claims, including her deficient Bane Act claim.  (*See* Declaration of Jason Tokoro ("Tokoro Decl.") ¶¶ 4–5 and Ex. 3.)  Plaintiff would not agree.  (*See id.*)

Hours after the County filed its motion, Plaintiff filed her FAC.  (*See* Dkt. No 30.)  Plaintiff's FAC removed the Bane Act claim that the County advised Plaintiff was not meritorious in the parties' meet and confer.  She also removed her Civil Conspiracy claim against the Individual Defendants.  (*Compare* Dkt. No. 1 *with* Dkt No. 30.)  Had Plaintiff advised the County that she intended to amend her Original Complaint to remove these causes of action, the County could have avoided drafting

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

4

MEMO. OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFF MAYA LAU'S FAC FOR DAMAGES AND OTHER RELIEF

1    and filing its initial Motion to Dismiss, and incurring the related attorneys' fees and

2    costs. (Tokoro Decl. ¶ 8.)[1]

3         The FAC thus alleges three claims: (1) First Amendment retaliation against

4    the Individual Defendants; (2) Conspiracy against the Individual Defendants; and

5    (3) First Amendment Retaliation against the County. (FAC ¶¶ 87–110.)

6    ## III.  LEGAL STANDARD

7         A plaintiff must provide specific factual allegations to survive a Rule 12(b)(6)

8    motion. "[A] formulaic recitation of the elements of a cause of action will not do."

9    *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's

10   liability," it must be dismissed because it fails to "state a claim to relief that is

11   plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*,

12   550 U.S. at 557, 570).

13        Similarly, "unadorned, the-defendant-unlawfully-harmed-me accusation[s],'

14   bare 'labels and conclusions,' or 'naked assertion[s] devoid of further factual

15   enhancement'" do not suffice. *Zuurveen by & through Zuurveen v. L.A. Cnty. Dep't*

16   *of Health Servs.*, 2022 WL 14966244, at *3 (C.D. Cal. Sept. 28, 2022) (quoting

17   *Iqbal*, 556 U.S. at 678).

18        "[U]nwarranted inferences" similarly "are insufficient to defeat a motion to

19   dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). So are

20   "conclusions cast in the form of factual allegations." *Ileto v. Glock Inc.*, 349 F.3d

21   1191, 1200 (9th Cir. 2003). Courts do not accept "allegations that contradict matters

22

23   ――――――――――――

[1] This Court "strictly enforces Local Rule 7-3." (Dkt. No. 23 at 10.) The reason is

24   to "obviate the need for a motion and thus avoid unnecessary Court intervention"

and, even if the parties cannot agree on everything, "they shall attempt to narrow the

25   scope of contested issues." (*Id.*) As this Court correctly notes, many Rule 12

motions "can be avoided" through these meet and confers because they are intended

26   to identify "perceived defects" in a complaint. (*Id.* at 12.) The parties should

27   "carefully consider and weigh an opponent's contentions as to the deficiencies in a

pleading to determine if an amendment would cure the defects." (*Id.* at 13.)

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

1   properly subject to judicial notice or by exhibit." *Sprewell v. Golden State*

2   *Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

3   **IV.    ARGUMENT**

4       **A.    Villanueva's Investigation Cannot Support A Section 1983 Claim**

5       Plaintiff's First Amendment claim is premised upon her allegation that

6   Villanueva's investigation violated her Constitutional rights.  She seeks to hold the

7   County liable for Villanueva's actions under *Monell*.  In order to do so, Plaintiff

8   must first establish that, pursuant to section 1983, there was: "(1) deprivation of a

9   right secured by the Constitution and laws of the United States, and (2) that the

10  deprivation was committed by a person acting under color of state law." *Tsao*, 698

11  F.3d at 1138.  Plaintiff fails this first step, because there is no right under the

12  Constitution to be free from a criminal investigation.

13      **1.    A Criminal Investigation Without Consequence Is Not**

14          **Actionable Under Section 1983**

15      "The initiation of a criminal investigation in and of itself does not implicate a

16  federal constitutional right." *Rehberg v. Paulk*, 611 F.3d 828, 850 n.24 (11th Cir.

17  2010), *aff'd*, 566 U.S. 356 (2012).  Consequently, "[n]o § 1983 liability can attach

18  merely because the government initiated a criminal investigation." *Id.*; *see also*

19  *United States v. Trayer*, 898 F.2d 805, 808 (D.C. Cir. 1990) ("there is no

20  constitutional right to be free of *investigation*"); *Aponte v. Calderon*, 284 F.3d 184,

21  193 (1st Cir. 2002) (noting that district court erred by finding "a constitutionally

22  protected interest in being free from investigation").

23      Instead, a plaintiff must show there was an additional action taken **beyond** the

24  investigation itself, like an arrest or indictment.  *Colson* in instructive.  There, a city

25  councilwoman publicly criticized the city's police budget and proposed staffing

26  reductions.  *Colson*, 174 F.3d at 500.  After her proposal was adopted, the police

27  chief "began using the powers of his office to retaliate against her." *Id.*  This

28  included submitting a "'confidential investigation' memorandum" to the DA

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

alleging the councilwoman had violated various open public meetings laws. *Id.* The police chief admitted that he knew at least two incidents he referred "did not constitute crimes." *Id.* The police chief then submitted two more confidential reports to the DA, accusing the councilwoman of other crimes. *Id.* at 500–01.

The DA concluded no crime had occurred and declined to bring criminal charges. *Id.* at 501. The DA told the police chief that he "was attempting to use the District Attorney's Office in a personal battle with [the councilwoman] and other Council members." *Id.* The police chief then prepared a recall petition against the councilwoman, accusing her of committing the crimes that the DA declined to pursue. *Id.* at 501–02. He also continued to report alleged criminal behavior to the DA, seeking prosecution. *Id.* at 503–04.

The police chief later testified before a grand jury and accused the councilwoman of crimes, despite being instructed by the DA not to do so. *Id.* at 504. The grand jury declined to indict her, and found no probable cause to support any crime. *Id.* Four months later, the councilwoman lost her bid for reelection. *Id.* She sued the police chief, other officials, and the city under section 1983 for First Amendment retaliation. *Id.* In affirming a grant of summary judgment, the Fifth Circuit held that, ***as a matter of law***, these alleged facts could not support a First Amendment retaliation claim. *Id.* at 511–12.

*Colson*'s holding was rooted equally in the law and common sense: "[R]etaliatory criticisms, investigations, and false accusations that do not lead to some more tangible adverse action are not actionable under § 1983." *Id.* at 513. This is so because not "all disadvantages imposed for the exercise of First Amendment freedoms constitute actionable retaliation." *Id.* at 510. *Colson* emphasized that the councilwoman was "never arrested, indicted, or subjected to a recall election," nor did she receive a formal reprimand. *Id.* at 511. Because no steps were taken beyond an investigation, the councilwoman had "not alleged any First Amendment deprivation actionable under § 1983." *Id.* at 514; *see also Lincoln*

748365.2

*v. Maketa*, 880 F.3d 533, 540 (10th Cir. 2018) ("an investigation is a far cry from formally filing charges and bringing someone to trial").[2]

In *Shiver v. City of Homestead*, 2021 WL 5174526, at *1–2 (S.D. Fla. Oct. 4, 2021), the plaintiff posted critical statements about the city's government on social media, and repeatedly confronted the city's police department about improper policing.  The police department conducted "three separate criminal investigations" of plaintiff, all of which were confidential.  *Id.* at *3–4.  The police department forwarded its findings to the press and to the plaintiff's employer.  *Id.* *4–5.  Plaintiff sued two police officers, a city official, and the city pursuant to section 1983, alleging violations of his constitutional rights.  *Id.* at *6.

The district court granted the defendants' motions to dismiss.  *Id.* at *21.  In granting the city's motion, the court held plaintiff's complaint did not state a claim for municipal liability because a "retaliatory investigation" does not implicate a protected constitutional right.  *Id.* at *20.  Elsewhere, it emphasized the lack of alleged harm due to the confidential nature of the investigations: "the Second Amended Complaint does not allege that Plaintiff even knew about the investigation while it was allegedly happening. . . .  To the contrary, the Second Amended Complaint alleges that Defendants Rivera and Mead conducted a 'clandestine investigation without a legitimate law enforcement purpose[.]'"  *Id.* at *10.

District courts nationwide have reached similar conclusions.  *See, e.g.*, *Roark v. United States*, 2013 WL 1071778, at *5 (D. Or. Mar. 12, 2013) (dismissing *Bivens* claim based on holding that "a plaintiff cannot evince the existence of a constitutional tort based on a retaliatory investigation"); *Yazid-Mazin v. McCormick*, 2013 WL 5758716, at *4 n.5 (D.N.J. Oct. 24, 2013) ("Simply conducting a

---

[2] Although the Ninth Circuit has not addressed this issue head on, it has favorably cited *Colson*, *Rehberg*, and *Lincoln* in the qualified immunity context.  *See, e.g.*, *Moore v. Garnand*, 83 F.4th 743, 753 (9th Cir. 2023).

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MEMO. OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COUNTY OF LOS ANGELES'
MOTION TO DISMISS PLAINTIFF MAYA LAU'S FAC FOR DAMAGES AND OTHER RELIEF

1  retaliatory investigation with a view to promote a prosecution does not state a claim

2  under § 1983.”); *Trueman v. United States*, 2015 WL 1456134, at *13 (E.D.N.C.

3  Mar. 30, 2015), *aff'd*, 615 F. App'x 122 (4th Cir. 2015) (collecting cases and

4  holding “[t]he court agrees with these other courts that conducting a retaliatory

5  investigation does not, in and of itself, form the basis of a constitutional tort”).

6  　　　　**2.　　No Constitutional Violation Resulted From The Investigation**

7  　　　　Villanueva’s investigation cannot support a section 1983 claim as a matter of

8  law.  Plaintiff alleges she was “secretly” investigated.  (FAC ¶ 3.)  She did not learn

9  about the investigation until nearly three years after she left the Times.  (*Id.* ¶¶ 3,

10  25.)  And she did not discover it until ***after*** the Attorney General had already

11  decided no criminal charges would be filed.  (*See id.* ¶¶ 16, 64.)  Plaintiff does not

12  allege any other actions were taken against her.  She does not allege she was ever

13  indicted, arrested, or even questioned.  Nor does she allege she lost employment.

14  　　　　Plaintiff is no different from the councilwoman in *Colson*.  And there, the

15  allegations were far worse.  Unlike Villanueva’s alleged actions, the police chief in

16  *Colson* repeatedly investigated the councilwoman; drafted a public petition seeking

17  to remove her from her job; testified at a grand jury about her alleged crimes; and

18  continued to press the issue despite being told to stop by the DA.  *Colson*, 174 F.3d

19  at 500–04.  Despite all of that taking place, because no action was ever taken on the

20  investigation, no constitutional right was implicated.  *See id.* at 510–14.

21  　　　　The same applies here.  Villanueva’s “secret” investigation, which resulted in

22  no action being taken against Plaintiff, cannot support her constitutional claim

23  against the County as a matter of law.  *Accord Shiver*, 2021 WL 5174526, at *10,

24  20.[3]  This defect cannot be cured by amendment, and the case should be dismissed.

25  _____

26  [3] Plaintiff’s section 1983 claim alternatively fails because, to the extent Plaintiff
　　argues Individual Defendants’ actions were taken to vindictively target Villanueva’s

27  perceived opponents, such actions were not conducted under color of state law.  *See*

28  *Tsao*, 698 F.3d at 1138.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MEMO. OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COUNTY OF LOS ANGELES’
MOTION TO DISMISS PLAINTIFF MAYA LAU’S FAC FOR DAMAGES AND OTHER RELIEF

### B.    Plaintiff Does Not Allege Any Redressable Injury

Plaintiff is the only party seeking relief in this case.  The Los Angeles Times is not a plaintiff, nor is any other member of the press.  Nevertheless, the FAC alludes to speculative harm suffered not only on Plaintiff's behalf, but on behalf of "journalists in Los Angeles" and "the freedom of the press."  (*See* FAC ¶¶ 83, 85.)  Plaintiff alleges only that *she* has suffered "anxiety."  (*Id.* ¶ 84.)

Plaintiff's requests for relief suffer from two impediments.  First, Plaintiff lacks standing to seek any redress on behalf of Los Angeles journalists because she does not allege facts to show the Department *currently* has any policy related to retaliatory investigations of journalists.  Nor is Plaintiff a Los Angeles journalist.  Second, Plaintiff's only alleged injury is a vague reference to "anxiety," which is insufficient to support a cognizable harm.

### 1.    Plaintiff Lacks Standing

Plaintiff lacks standing to seek damages for harms suffered by "journalists in Los Angeles" or "the freedom of the press."  (FAC ¶ 83, 85.)  To establish Article III standing, a plaintiff must allege that they "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *M.S. v. Brown*, 902 F.3d 1076, 1083 (9th Cir. 2018).  To establish redressability, the plaintiff's burden is to demonstrate that the relief sought is not "speculative," but that it is instead "likely" that the relief will address *plaintiff's* injury.  *Id.*  Plaintiff cannot do so for two reasons.

***First***, Plaintiff's FAC is premised upon an alleged retaliatory policy that was in place under the prior Villanueva regime.  (*See, e.g.*, FAC ¶¶ 19–20.)  Villanueva has not been sheriff for three years.  (*Id.* ¶ 26.)  He was succeeded by current sheriff Robert Luna.  Plaintiff does not allege that the Department, under Sheriff Luna's tenure, has investigated journalists for any reason.  And the very article she cites in support of her FAC has a statement from the Department that the Luna administration does "not monitor journalists" and "respect[s] the freedom of the

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1    press."  (*See id.* ¶ 3.)  There is therefore no "injury" to redress.

2         **Second**, Plaintiff cannot seek relief on behalf of "journalists in Los Angeles,"

3    since she no longer resides in Los Angeles.  Plaintiff currently—and for years—has

4    resided in Mexico City, Mexico.  (*See* Request for Judicial Notice at Ex. 1

5    (Plaintiff's LinkedIn page showing her residence in Mexico City).)  Plaintiff is also

6    not a journalist.  (*See id.* Ex. 2 (describing plaintiff as a podcast host).)[4]

7         To the extent Plaintiff seeks to prospectively prevent the Department from

8    implementing a future policy along the lines of the alleged policy under Villanueva,

9    such a claim is premature and not ripe.  *Coons v. Lew*, 762 F.3d 891, 897 (9th Cir.

10   2014), *as amended* (Sept. 2, 2014) (ripeness doctrine not satisfied where injury is

11   not "*certainly impending*," and "allegations of *possible* future injury are not

12   sufficient").  Plaintiff has not alleged any current policy exists, and admits the

13   Department has stated that no such policy exists under Sheriff Luna.  (*See* FAC ¶ 3.)

14   Any claim that Villanueva's alleged policy may be implemented again in the future

15   is speculative at best.  Allowing such a claim to proceed at this time would cause the

16   Court to issue an advisory opinion, which it is not permitted to do.  *Garcia v. City of*

17   *Los Angeles*, 481 F. Supp. 3d 1031, 1047 n.25 (C.D. Cal. 2020), *aff'd*, 11 F.4th 1113

18   (9th Cir. 2021) ("the Court may not issue an advisory opinion; it may adjudicate

19   only 'concrete legal issues, presented in actual cases, not abstractions'").

20              **2.      Plaintiff Does Not Sufficiently Allege a Cognizable Harm**

21        At bottom, Plaintiff's FAC contains only one vague reference to the damages

22   she suffered: "anxiety."  (*See* FAC ¶ 84.)  Plaintiff provides no details about this—

23   not what she is anxious about, why she is anxious, or how it impacts her daily life.

24        California state and federal courts have held that generalized assertions of

25   _____

26   [4] To the extent Plaintiff's speculative allegations regarding future chilling of the
     freedom of the press inform her request for punitive damages, the County is immune

27   from such damages.  *E.g.*, *Perez v. City of Fresno*, 591 F. Supp. 3d 725, 769 (E.D.
     Cal. 2022), *aff'd*, 98 F.4th 919 (9th Cir. 2024) (collecting cases).

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MEMO. OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COUNTY OF LOS ANGELES'
MOTION TO DISMISS PLAINTIFF MAYA LAU'S FAC FOR DAMAGES AND OTHER RELIEF

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  "anxiety" are not enough to sustain a claim for damages at the pleadings stage.  *See,*

2  *e.g.*, *Medoff v. Minka Lighting, LLC*, 2023 WL 4291973, at *9 (C.D. Cal. May 8,

3  2023) ("Plaintiff only alleges that he has 'anxiety and increased concerns for the

4  loss of his privacy.'. . .  These allegations are the type of 'conclusory and vague'

5  allegations which courts have held are insufficient to sustain a [ ] claim at the

6  motion to dismiss stage."); *Wong v. Jing*, 189 Cal. App. 4th 1354, 1377–78 (2010)

7  (noting, in both NIED and IIED context, that "generalized anxiety" cannot support

8  either claim for emotional distress); *see also Payne v. Off. of the Comm'r of

9  Baseball*, 705 F. App'x 654, 655 (9th Cir. 2017) (rejecting argument that "general

10 anxiety about being injured by foul balls constitutes an injury-in-fact, because it is

11 based on 'fears of hypothetical future harm that is not certainly impending'").

12      Plaintiff's general allegation regarding anxiety is simply not enough to allege

13 a cognizable harm.  Rule 12(b)(6) requires more.

14      ### C.      The County Is The Only Proper Defendant

15      The County is the only proper defendant in this case (if any).  The FAC does

16 not meaningfully allege any individual capacity claims against the Individual

17 Defendants.  Instead, it generally alleges that the Individual Defendants used the

18 powers of the Department to carry out an "unlawful" investigation.  (*E.g.*, FAC

19 ¶¶ 65.)  The simple fact that Plaintiff's FAC peppers in the words "individual

20 capacity" (*e.g. id.* ¶ 26) is not enough—the Court must look at the substance of the

21 allegations, not mere recitations of a cause of action.  *E.g.*, *Zuurveen*, 2022 WL

22 14966244, at *3 (quoting *Iqbal*, 556 U.S. at 678).

23      That Plaintiff is suing the Individual Defendants in their official capacities is

24 underscored by the fact that she alleges that Villanueva and Murakami acted as

25 "final policymakers" for the County regarding the investigation.  (*See* FAC ¶ 26

26 (Villanueva "was ***the final policymaker for the County*** regarding the investigation

27 of Ms. Lau"); *id.* ¶ 28 ("Sheriff Alex Villanueva delegated to Undersheriff

28 Murakami his decision-making authority as a ***final policymaker of the County*** in

1    connection with the investigation into Ms. Lau.").)  She also alleges that Lillienfeld

2    acted as "a detective in the Los Angeles County Sheriff's Department in 2018" and,

3    "[a]t Sheriff Villanueva's direction," he "led the criminal investigation into Ms. Lau.

4    (*Id.* ¶ 27.)  Plaintiff is bound by her allegations and cannot have it both ways.

5        Plaintiff goes even further, and alleges that the County—not the Individual

6    Defendants—will be responsible for any judgment entered in this case:  "The

7    County is liable for all torts committed by Defendants pursuant to California law.

8    The County is also responsible for indemnifying judgments against Defendants.

9    The County is responsible for the policies, practices, and customs of the Los

10   Angeles County Sheriff's Department that caused the unconstitutional investigation

11   and attempted prosecution of Ms. Lau, and Defendants Villanueva and Murakami

12   had final policymaking authority for the relevant policies, practices, and customs of

13   the County."  (FAC ¶ 30.)  It is clear, therefore, that she is alleging official-capacity

14   claims against the Individual Defendants.

15       It is well-settled that official-capacity claims can only be brought against a

16   governmental entity.  *Pierce*, 232 Cal. App. 4th at 1018; *Kentucky v. Graham*, 473

17   U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name,

18   to be treated as a suit against the entity.").  Accepting Plaintiff's allegations as true,

19   the Individual Defendants acted in their official capacities as County employees and

20   are therefore redundant and unnecessary.  *See id.*  Consequently, in the event this

21   lawsuit moves forward, the Individual Defendants should be dismissed.

22       **D.**    **Leave to Amend Would Be Futile And Inequitable**

23       The County's first Motion to Dismiss laid out in exacting detail why a mere

24   criminal investigation, like the one Plaintiff alleged in her Original Complaint, could

25   not support a section 1983 claim as a matter of law.  (Dkt. No. 29-1 at 1:18–27, 5:9–

26   9:2.)  It also noted why Plaintiff did not sufficiently plead damages.  (*Id.* at 12:27–

27   2:13.)  Plaintiff had the full benefit of the County's arguments before filing her

28   FAC.  Nevertheless, she did not change any of her factual allegations supporting her

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

First Amendment retaliation claim. (*Compare* Dkt. No. 1 *with* Dkt. No 30.)

Only one conclusion can be drawn from this—Plaintiff simply has no more facts to allege. Her allegations are what they are: she was the subject of a criminal investigation and was never arrested, charged, or interviewed. She did not suffer any loss of employment, or any symptoms beyond generalized, non-specific "anxiety." Plaintiff's FAC was her opportunity to amend and cure any deficiencies: she can no longer amend absent leave of Court. *See* Fed. R. Civ. P. 15(a)(2).

Her sole remaining claim against the County is foreclosed for all the reasons discussed *supra*, and allowing her a third bite at an apple via a second amended complaint would be fruitless. *E.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (a court may deny leave to amend when the plaintiff had prior opportunity to cure the defects and failed to do so); *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980) (court has "broad discretion" to deny leave to amend where the plaintiff has already had "one or more opportunities to amend his complaint").

## V.    CONCLUSION

For the foregoing reasons, the Court should grant the County's Motion and dismiss this case with prejudice and without leave to amend.

DATED:  August 12, 2025          Respectfully Submitted,

MILLER BARONDESS, LLP

By:  ___/s/ *Jason H. Tokoro*___
     JASON H. TOKORO
     Attorneys for Defendant
     COUNTY OF LOS ANGELES

748365.2

14

MEMO. OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFF MAYA LAU'S FAC FOR DAMAGES AND OTHER RELIEF

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400