| | |
|---|---|
| 1 | CHRISTOPHER PELHAM (BAR NO. 241068) |
| 2 | ABIGAIL URQUHART (BAR NO. 310547) |
|   | **NORTON ROSE FULBRIGHT US LLP** |
|   | 555 South Flower Street |
| 3 | Forty-First Floor |
|   | Los Angeles, California 90071 |
| 4 | Telephone: (213) 892-9200 |
|   | Facsimile: (213) 892-9494 |
| 5 | christopher.pelham@nortonrosefulbright.com |
|   | abigail.urquhart@nortonrosefulbright.com |
| 6 | |
| 7 | Attorneys for Defendants |
|   | ALEX VILLANUEVA, MARK LILLIENFELD, |
|   | and TIM MURAKAMI |

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYA LAU, | Case No. 2:25-cv-4766 SPG (BFMx) |
| Plaintiff, | |
| v. | **INDIVIDUAL DEFENDANTS ALEX VILLANUEVA, MARK LILLIENFELD, AND TIM MURAKAMI'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTS I AND II OF PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| COUNTY OF LOS ANGELES; ALEX VILLANUEVA; MARK LILLIENFELD; and TIM MURAKAMI, | |
| Defendants. | |
| | *[Filed Concurrently with Memorandum of Points and Authorities; Declaration of Abigial Urquhart; and [Proposed] Order]* |
| | Date: September 10, 2025 |
| | Time: 1:30 p.m. |
| | Judge: Sherilyn Peace, Ctrm 5C and Magistrate Judge Brianna Fuller Mircheff Crtrm. 780 |
| | First Amended Complaint Filed:  8/4/2025 |
| | Trial Date: None set |

**TO MAYA LAU AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on September 10, 2025 at 1:30 p.m., before The Honorable Sherilyn Peace Garnett, of the United States District Court for the Central District of California, located at First Street Courthouse, 350 W. 1st Street, Courtroom 5C, 5th Floor, Los Angeles, California 90012, Individual Defendants Alex Villanueva, Mark Lillienfeld, and Tim Murakami (collectively, "Individual Defendants") will and hereby move the Court for an order Plaintiff Maya Lau's ("Plaintiff") Complaint (the "Complaint") in its entirety pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim upon which relief can be granted.

Plaintiff brings two claims against Individual Defendants—a 42 U.S.C. § 1983 First Amendment Claim and a Conspiracy to Derive Constitutional Rights. Individual Defendants incorporate the County of Los Angeles' (the "County's") Motion to Dismiss the First Amended Complaint ("Motion to Dismiss") by reference.[1]

First, Plaintiff has failed to sufficiently plead a 28 U.S.C. § 1983 First Amendment retaliation claim and corresponding cause of action for conspiracy because she failed to explain how an investigation and subsequent referral—without more—would chill a person of "ordinary firmness."

Second, Plaintiff's section 1983 and corresponding conspiracy claims also fail because she has failed to establish the violation of a clearly established right and therefore Individual Defendants are protected by qualified immunity. A criminal investigation, without more, does not violate a person's constitutional rights as a matter of clearly established law. *Moore v. Garnand*, 83 F.4th 743, 752 (9th Cir. 2023); *see also Colson v. Grohman*, 174 F.3d 498, 513 (5th Cir. 1999).

---

[1] Individual Defendants incorporate the County's Motion to Dismiss in its entirety with the exclusion of Footnote 3 and any corresponding arguments.

Third, Plaintiff's conspiracy claims fails to the extent that it its not based upon a violation of her First Amendment right because she has failed to plead with sufficient particularity any other constitutional right that the Individual Defendants allegedly violated.

Finally, for the reasons explained in the County's Motion to Dismiss, Plaintiff has failed to plead a cognizable injury capable of redress and, to the extent this case is permitted to proceed, the County is the only proper defendant. Plaintiff alleges the Individual Defendants all acted within their official capacities as members of the Department and/or as policymakers, therefore they are redundant and unnecessary. *See, e.g.*, *Pierce v. San Mateo Cnty. Sheriff's Dep't*, 232 Cal. App. 4th 995, 1018 (2014); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").

### Local Rule 7-3 Statement

This Motion is made following a conference of counsel pursuant to Local Rule 7-3, which took place on August 4, 2025, at 1:00 p.m. via a Microsoft Teams video conference. On that conference, the parties thoroughly discussed the substance and potential resolution of the filed motion. Prior to that conference, on July 30, 2025, the Individual Defendants sent Plaintiff an email seeking a time to meet and confer. (See Declaration of Abigail G. Urquhart at ¶¶ 2 & Ex. A.)

\* \* \*

This Motion is based upon this Notice and the attached Memorandum of Points and Authorities and Declaration of Abigail G. Urquhart and exhibits thereto, the pleadings and papers on file in this action and any oral argument that may be presented when the Motion is heard.

Dated: August 12, 2025

**NORTON ROSE FULBRIGHT US LLP**

By: */s/ Abigail Urquhart*
    CHRISTOPHER PELHAM
    ABIGAIL URQUHART
    Attorneys for Individual Defendants