CHRISTOPHER PELHAM (BAR NO. 241068)
ABIGAIL URQUHART (BAR NO. 310547)
**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494
christopher.pelham@nortonrosefulbright.com
abigail.urquhart@nortonrosefulbright.com

Attorneys for Defendants
ALEX VILLANUEVA, MARK LILLIENFELD, and TIM MURAKAMI

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

MAYA LAU,

Plaintiff,

v.

COUNTY OF LOS ANGELES; ALEX VILLANUEVA; MARK LILLIENFELD; and TIM MURAKAMI,

Defendants.

Case No. 2:25-cv-4766 SPG (BFMx)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF INDIVIDUAL DEFENDANTS ALEX VILLANUEVA, MARK LILLIENFELD, AND TIM MOTION TO DISMISS PLAINTIFF MAYA LAU'S COMPLAINT FOR DAMAGES AND OTHER RELIEF**

[*Filed Concurrently with Notice of Motion; Declaration of Abigail Urquhart; and [Proposed] Order*]

Date: September 10, 2025
Time: 1:30 p.m.
Judge: Sherilyn Peace, Ctrm 5C and Magistrate Judge Brianna Fuller Mircheff, Crtrm. 780

First Amended Complaint Filed: 8/4/2025

Trial Date: None set

## TABLE OF CONTENTS

Page

Table of Contents ..... 2
MEMORANDUM OF POINTS AND AUTHORITIES ..... 5
I. INTRODUCTION ..... 5
II. SUMMARY OF PLAINTIFF'S ALLEGATIONS ..... 6
III. LEGAL STANDARD ..... 6
IV. ARGUMENT ..... 6
A. Plaintiff Has Failed to Establish a First Amendment Retaliation Claim Under § 1983 Because An Investigation, Without More, Would Not Chill A Person of Ordinary Firmness ..... 6
B. Plaintiffs Section 1983 Claims Also Fail Because Individual Defendants are Entitled to Qualified Immunity. ..... 8
C. Plaintiff's Section 1983 Conspiracy Claim Also Fails Because the Actions Taken Were Constitutional and, the Conspiracy Allegations Are Too Vague ..... 11
D. Plaintiff Does Not Allege Any Redressable Injury ..... 12
E. The County is the Only Proper Defendant ..... 12
F. Leave to Amend Would Be Futile and Inequitable ..... 12
V. CONCLUSION ..... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. al-Kidd*, 563 U.S. 731 (2011) .......... 9

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) .......... 11

*Bruce v. Ylst*, 351 F.3d 1283 (9th Cir. 2003) .......... 10

*Colson v. Grohman*, 174 F.3d 498 (5th Cir. 1999) .......... 10

*Conner v. Heiman*, 672 F.3d 1126 (9th Cir. 2012) .......... 11

*Coszalter v. City of Salem*, 320 F.3d 968 (9th Cir. 2003) .......... 10

*Donahoe v. Arpaio*, 986 F. Supp. 2d 1091 (D. Ariz. 2013) .......... 7

*Haldeman v. Golden*, 359 F. App'x 777, 780 (9th Cir. 2009) .......... 11

*Hartman v. Moore*, 547 U.S. 250 (2006) .......... 7, 9

*Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963 (9th Cir. 2010) .......... 9

*Moore v. Garnand*, 83 F.4th 743 (9th Cir. 2023) .......... 8, 9, 10

*Moran v. State of Wash.*, 147 F.3d 839 (9th Cir. 1998) .......... 9

*Nieves v. Bartlett*, 587 U.S. 391 (2019) .......... 7

*O'Brien v. Welty*, 818 F.3d 920 (9th Cir. 2016) .......... 7

*Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755 (9th Cir. 2006) .......... 7

*PQ Labs, Inc. v. Yang Qi*, 2012 WL 2061527 (N.D.Cal. June 7, 2012) .......... 11

*Rehberg v. Paulk*, 611 F.3d 828 (11th Cir. 2010), *aff'd*, *Rehberg v. Paulk*, 566 U.S. 356 (2012) .................................................. 7

*Trevino v. Gates*, 99 F.3d 911 (9th Cir. 1996) ............................................................ 9

**Rules and Statutes**

28 U.S.C. § 1983 First Amendment ................................................ 6, 7, 8, 9, 10, 11



DOCUMENT PREPARED ON RECYCLED PAPER

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Maya Lau ("Plaintiff"), a former *Los Angeles Times* journalist, invites this Court to rewrite clearly established Ninth Circuit and Supreme Court precedent by extending liability to law enforcement for confidential criminal investigations and referrals. There is no constitutional right against a confidential criminal investigation or referral, even if that investigation is later deemed meritless—and for good reason. Investigations happen every day and often those investigations lead to nowhere.[1] Law enforcement and other government agencies regularly conduct investigations into media leaks to determine whether foul play has occurred.[2] Once law enforcement's portion of the investigation is concluded, it is referred to the prosecutors to decide whether to indict. That is how the process works. Extending liability to any case where a journalist is investigated, without more, would unduly hamper law enforcement and other agencies' abilities to do their jobs and protect the confidentiality of their files.

Plaintiff alleges that Alex Villanueva, Mark Lillienfeld, and Tim Murakami (collectively, "Individual Defendants") participated in various parts of the investigative process, all without her knowledge, and ultimately respected, without complaint, the California Attorney General's discretion when it chose not to prosecute her. *See generally* FAC. There are no allegations of arrest, harassment, or other abuse of the investigative process. *Id.* In fact, there are no allegations that she even knew about the process until long after it was closed. Plaintiff does not have a constitutional right to be free from a confidential investigation, without any

---

1 Individuals are protected against confidential investigations that violate liberty interests, such as a secret warrantless search of a home or a secret warrantless wiretap. However, plaintiff does not allege any such liberty violations.

2 Indeed, assisting in hacking into confidential government files, which were ultimately published, was precisely the actions for which Julian Assange was famously investigated and ultimately indicted. *See* Mar. 6, 2018 Assange Indictment, *available at* https://upload.wikimedia.org/wikipedia/commons/e/e0/Julian_Paul_Assange_Indictment_of_6_March_2018.pdf (last accessed Aug. 5, 2025).

further showing of harm or prejudice. In sum, Plaintiff has failed to articulate why her case is so unusual that it merits extending liability into an entirely new context.

Additionally, as explained in the County's Motion to Dismiss the First Amended Complaint ("Motion to Dismiss) incorporated herein by reference,[3] Plaintiff has failed to plead a cognizable injury capable of redress and, to the extent this case is permitted to proceed against individuals in their official capacities, the County is the only proper defendant.

Thus, for the reasons outlined in the County's Motion to Dismiss and below, Plaintiff has failed to state a claim upon which relief can be granted. The First Amended Complaint (the "FAC") cannot be remedied by amendment, and should be dismissed with prejudice.

## II. SUMMARY OF PLAINTIFF'S ALLEGATIONS

Individual Defendants incorporate by reference the summary of the allegations in County Defendant's Motion to Dismiss. Dkt. 31-1, pp. 2-4.

## III. LEGAL STANDARD

Individual Defendants incorporate by reference the legal standard in County Defendant's Motion to Dismiss. Dkt. 31-1, pps. 5-6.

## IV. ARGUMENT

### A. Plaintiff Has Failed to Establish a First Amendment Retaliation Claim Under § 1983 Because An Investigation, Without More, Would Not Chill A Person of Ordinary Firmness.

Plaintiff has failed to sufficiently plead a 28 U.S.C. § 1983 First Amendment retaliation claim and corresponding cause of action for conspiracy because she does not allege how an investigation and subsequent criminal referral—without more—would chill a person of "ordinary firmness." Further, as explained at length in the

[3] Individual Defendants incorporate the County's Motion to Dismiss in its entirety with the exclusion of Footnote 3 and any corresponding arguments.

County's Motion to Dismiss and incorporated herein by reference, there is no constitutional right against criminal investigation or referral. Dkt. 31-1 at pps. 6-9.

Plaintiff published the article that is the subject of the FAC in 2017. FAC ¶ 4. Plaintiff was completely unaware there even was an investigation based on the contents of this article until in or around July 2024—about six and a half years later—long after she had retired from journalism for other reasons. FAC ¶ 3. There are no allegations that Individual Defendants—or anyone from the County's office—threatened her, harassed her, arrested her, or even contacted her. *See generally, id.* Indeed, the Individual Defendants did not even inform her of the investigation—Plaintiff only became aware of it because the California Attorney General ("AG") announced its decision not to prosecute (something the AG is not required to do). FAC ¶ 3, 16.

To establish a First Amendment retaliation claim, Plaintiff must show "(1) [s]he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct." *O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016) (quoting *Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755, 770 (9th Cir. 2006)). Plaintiff must prove that retaliatory animus—not the speech itself—was the "but-for" cause of injury. *Hartman v. Moore*, 547 U.S. 250, 260 (2006); *Nieves v. Bartlett*, 587 U.S. 391, 399 (2019).

As a threshold matter, as explained at length in the County's Motion to Dismiss, "[t]he initiation of a criminal investigation in and of itself does not implicate a federal constitutional right. The Constitution does not require evidence of wrongdoing or reasonable suspicion of wrongdoing by a suspect before the government can begin investigating that suspect." *Donahoe v. Arpaio*, 986 F. Supp. 2d 1091, 1136 (D. Ariz. 2013) (citing *Rehberg v. Paulk*, 611 F.3d 828, 850 n. 24 (11th Cir. 2010), *aff'd*, *Rehberg v. Paulk*, 566 U.S. 356 (2012)). This is why, as

outlined below, there are no analogous cases extending section 1983 liability in this context. *Moore v. Garnand*, 83 F.4th 743, 752 (9th Cir. 2023).

Indeed, cases where Courts have found there is a chilling effect on speech that involve a criminal investigation and referral have aggravating factors—like threats, harassment, or adverse employment action. *Id.* Those courts have concluded that the investigation *in combination with these* additional adverse actions could chill a person of ordinary firmness. No such aggravating factors exist here. Plaintiff stated she only learned about the investigation *because of* the article published after it had already been closed. FAC ¶ 3. The only "harm" she allegedly suffered was anxiety, which as the County explained at length in its briefing incorporated herein by reference, is not a cognizable harm. *See* FAC ¶ 84; *see also* Dkt. 31-1 at pps. 11-12. Accordingly, Plaintiff has failed to meet her burden on Count I for First Amendment retaliation and corresponding Count II conspiracy because she has failed to show a person of ordinary firmness would be chilled from speech and these causes of action should be dismissed.

**B. Plaintiffs Section 1983 Claims Also Fail Because Individual Defendants are Entitled to Qualified Immunity.**

Plaintiff's claims also fail because qualified immunity squarely protects law enforcement officials from liability for reopening a criminal investigation, conducting that investigation, referring an individual for prosecution based on the results of that investigation, and ultimately respecting the prosecutorial discretion of the referring body not to indict—even if we assume for the purpose of this motion the motivation was retaliatory (it was not). Accordingly, Individual Defendants respectfully request the Court dismiss the section 1983 claims alleged in Counts I and II as barred by qualified immunity because Plaintiffs have failed to meet their burden of proof. Individual Defendants also incorporate herein by reference the arguments made in the County's Motion to Dismiss. Dkt. 31-1 at pps. 6-9.

Here, the Court need only consider whether Individual Defendants' conduct violated a clearly established right. *See Moore*, 83 F.4th at 750; *Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 969 (9th Cir. 2010) ("[W]e may begin the qualified immunity analysis by considering whether there is a violation of clearly established law without determining whether a constitutional violation occurred."). "To determine whether a constitutional right has been clearly established for qualified immunity purposes," the Court "must survey the legal landscape and examine those cases that are most like the instant case." *Krainski*, 616 F.3d at 970 (quoting *Trevino v. Gates*, 99 F.3d 911, 917 (9th Cir. 1996)). While the qualified immunity doctrine does not "require a case directly on point" to show that a right is clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (citations omitted). The inquiry is also time-specific, requiring the Court to consider whether the right was clearly established "at the time of the alleged violation." *Moran v. State of Wash.*, 147 F.3d 839, 844 (9th Cir. 1998) (citations omitted).

Simply put, there is no clearly established constitutional right to be free of a confidential investigation nor is there a "probable cause" requirement to conduct an investigation. The Ninth Circuit as late as 2023 (years prior after the alleged conduct), concluded that "no caselaw [exists] that clearly establish[es] that a retaliatory investigation per se violates the First Amendment." *See Moore*, 83 F.4th at 752. In that case, *Moore*, a property owner alleged that officers retaliated against him for filing a lawsuit and public records request. *Id.* at 746–47. Specifically, he alleged that officers "without any reasonable suspicion, opened a criminal investigation . . . ; obtained four subpoenas . . . ; interviewed two witnesses; attempted to induce the IRS into opening a criminal investigation . . . ; and reopened the criminal investigation . . . after it had been closed." *Id.* at 747. The court acknowledged that the officers might have understood "at a very high level of

generality" that their conduct was constitutionally suspect. *Id.* at 752–53. Yet, it nevertheless concluded that caselaw "could not have put [officers] on sufficient notice that their actions would violate [the property owner's] First Amendment rights." *Id.*

The only instances in which this Circuit has found confidential investigatory conduct to clearly violate a person's First Amendment rights is when the government actor has "some more tangible adverse action" against the person claiming the violation, as explained in the County's Motion to Dismiss. *Moore*, 83 F.4th at 753 (citing *Colson v. Grohman*, 174 F.3d 498, 513 (5th Cir. 1999)). For example, in *Bruce v. Ylst*, prison officials investigated an inmate who filed conditions grievances and verified him as a gang member, resulting in a transfer to a more dangerous prison unit. 351 F.3d 1283, 1287, 1290 (9th Cir. 2003); *see also* *Coszalter v. City of Salem*, 320 F.3d 968, 971, 976–977 (9th Cir. 2003) (finding that qualified immunity did not protect the investigation when the City initiated disciplinary measures and transfers and subjected complaining employees to threats and humiliation). Thus, investigatory conduct alone does not clearly violate the First Amendment unless it involves something more.

Here, Individual Defendants' conduct falls squarely into the kind of investigatory conduct that the Ninth Circuit has found not to be a clear constitutional violation. Villanueva re-opened a criminal investigation, Lillienfeld conducted the investigation, and Murakami recommended charges. (FAC ¶¶ 15, 27–28.) The investigation was based on a leak of highly confidential information from the County's files. When the prosecutors chose not to press charges, Individual Defendants and the County respected that authority and took no further action. Indeed, not only was there no adverse action against Plaintiff as a result of the investigation, she was not even aware of the investigation itself until several years after it was fully closed and the only reason she became aware of it was the AG's decision not to prosecute. Therefore, the investigation and referral of

Plaintiff, is not "beyond question" a constitutional violation and the Individual Defendants are protected by qualified immunity.

**C. Plaintiff's Section 1983 Conspiracy Claim Also Fails Because the Actions Taken Were Constitutional and, the Conspiracy Allegations Are Too Vague**

Plaintiffs conspiracy claims fail because they are protected by qualified immunity and corresponding state law immunities.

First, because Plaintiff's causes of action for conspiracy rests on the same alleged constitutional violations as its section 1983 claims and the actions taken were constitutional, those claims fail. *Conner v. Heiman*, 672 F.3d 1126, 1133 (9th Cir. 2012) ("The finding that Neil and Heiman have qualified immunity also bars Conner's § 1983 conspiracy claim. As this Court noted in *Haldeman v. Golden*, a § 1983 conspiracy claim 'is not a means of holding state actors liable on claims from which they are otherwise immune.'") (quoting 359 F. App'x 777, 780 (9th Cir. 2009)).

Second, even if the Court disagrees that these are subject to qualified immunity, Plaintiff has failed to sufficiently plead any other federal law, constitutional violation, or statute that Individual Defendants have conspired to violate other than generally Plaintiff's "rights." As explained at length above, there is no constitutional right against criminal investigation or referrals. *See supra* II.B.; *see also* Dkt. 31-1 at 9. Further, "[a] claim of unlawful conspiracy must contain 'enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement.'" *PQ Labs, Inc. v. Yang Qi*, 2012 WL 2061527, at *8 (N.D.Cal. June 7, 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The allegations herein are so vague that they are insufficient to identify any other particular tort and/or law that Plaintiffs have violated other than the First Amendment constitutional violation—which again, there is no First Amendment right to be free from investigation.

Accordingly, Individual Defendants respectfully request the Court deny Plaintiff's conspiracy cause of action.

**D. Plaintiff Does Not Allege Any Redressable Injury**

Plaintiff has failed to allege any redressable injury as explained at length in the County's Motion to Dismiss and incorporated herein by reference. Dkt. 31-1, pps. 10-12.

**E. The County is the Only Proper Defendant**

The County is the only proper defendant because Plaintiff alleges the Individual Defendants acted in their official capacity as policymakers as explained at length in the County's Motion to Dismiss and incorporated herein by reference. Dkt. 31-1 at pps. 12-13.

**F. Leave to Amend Would Be Futile and Inequitable**

As explained in the County's Motion to Dismiss and incorporated herein by reference, leave to amend would be futile. Dkt. 31-1 at pps. 13-14.

## V. CONCLUSION

For the foregoing reasons, the Court should grant the Individual Defendant's motion to dismiss with prejudice and without leave to amend.

Dated: August 12, 2025

CHRISTOPHER PELHAM
NORTON ROSE FULBRIGHT US LLP

By: */s/ Abigail Urquhart*
CHRISTOPHER PELHAM
ABIGAIL URQUHART
Attorneys for Individual Defendants



DOCUMENT PREPARED ON RECYCLED PAPER