LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
STEVEN G. WILLIAMSON (State Bar No. 343842)
swilliamson@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for Defendant
COUNTY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MAYA LAU,<br><br>        Plaintiff,<br><br>   v.<br><br>COUNTY OF LOS ANGELES; ALEX VILLANUEVA; MARK LILLIENFELD; and TIM MURAKAMI,<br><br>        Defendant. | **CASE NO. 2:25-cv-04766 SPG (BFMx)**<br><br>**DEFENDANT COUNTY OF LOS ANGELES' ANSWER TO PLAINTIFF MAYA LAU'S FIRST AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF; AND AFFIRMATIVE DEFENSES**<br><br>Assigned to the Hon. Sherilyn Peace Garnett, Crtrm. 5C and Magistrate Judge Brianna Fuller Mircheff, Crtrm. 780<br><br>Trial Date:   None Set |

739319.2

# ANSWER

Defendant County of Los Angeles ("Defendant" or the "County") hereby answers the First Amended Complaint for Damages and Other Relief ("FAC") filed by Plaintiff Maya Lau ("Plaintiff"), as follows:

# INTRODUCTION

1. Paragraph 1 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 1.

2. Paragraph 2 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 2.

3. Defendant admits that Plaintiff formerly worked for the Los Angeles Times and published articles relating to the Los Angeles County Sheriff's Department (the "Sheriff's Department"). Defendant denies the remaining allegations in Paragraph 3.

4. Defendant admits the allegations in Paragraph 4.

5. Defendant admits that Plaintiff published an article in December 2017 discussing a "Brady List" purportedly maintained by the Sheriff's Department. Defendant denies the remaining allegations in Paragraph 5.

6. Defendant denies the allegations in Paragraph 6.

7. Defendant admits that Plaintiff published an article in December 2017 discussing a "Brady List" purportedly maintained by the Sheriff's Department. Defendant denies the remaining allegations in Paragraph 7.

8. Paragraph 8 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 8.

9. Paragraph 9 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the

allegations in Paragraph 9.

10. Paragraph 10 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 10.

11. Paragraph 11 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 11.

12. Defendant admits that former Sheriff Jim McDonnell opened an investigation into Plaintiff, and others, relating to the purported "Brady List." Defendant denies the remaining allegations in Paragraph 12.

13. Defendant admits that former Sheriff Alex Villanueva opened an investigation into Plaintiff, and others, relating to the purported "Brady List." Defendant denies the remaining allegations in Paragraph 13.

14. Paragraph 14 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 14.

15. Paragraph 15 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 15.

16. Defendant admits that the California Attorney General declined to pursue criminal charges against Plaintiff.

17. Paragraph 17 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 17.

18. Paragraph 18 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 18.

19. Paragraph 19 contains legal conclusions and/or argument to which no

response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 19.

20. Paragraph 20 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 20.

21. Paragraph 21 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 21.

## JURISDICTION AND VENUE

22. Paragraph 22 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 22.

23. Paragraph 23 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 23.

24. Paragraph 24 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 24.

## PARTIES

25. Defendant admits the allegations in Paragraph 25.

26. Alex Villanueva was dismissed as a defendant by the Court.  (*See* Dkt No. 40.)

27. Mark Lillienfeld was dismissed as a defendant by the Court.  (*See* Dkt No. 40.)

28. Tim Murakami was dismissed as a defendant by the Court.  (*See* Dkt No. 40.)

29. The Individual Defendants were dismissed as defendants by the Court. (*See* Dkt No. 40.)

739319.2

4

DEFENDANT COUNTY OF LOS ANGELES' ANSWER TO PLAINTIFF MAYA LAU'S FIRST AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF; AND AFFIRMATIVE DEFENSES

30. Defendant admits that the County is a municipality in California and is or was the employer of each of the Individual Defendants. Defendant denies the remaining allegations in Paragraph 30.

## FACTUAL ALLEGATIONS

31. Defendant admits the allegations in Paragraph 31.

32. Defendant admits that Plaintiff published an article in December 2017 discussing a "Brady List" purportedly maintained by the Sheriff's Department. Defendant denies the remaining allegations in Paragraph 32.

33. Defendant admits that Plaintiff published an article in December 2017 discussing a "Brady List" purportedly maintained by the Sheriff's Department.

34. Defendant admits that Plaintiff published an article in December 2017 discussing a "Brady List" purportedly maintained by the Sheriff's Department.

35. Defendant admits that Plaintiff published an article in December 2017 discussing a "Brady List" purportedly maintained by the Sheriff's Department.

36. Defendant admits that Plaintiff published an article in December 2017 discussing a "Brady List" purportedly maintained by the Sheriff's Department.

37. Defendant admits that Plaintiff published an article in December 2017 discussing a "Brady List" purportedly maintained by the Sheriff's Department.

38. Defendant admits that Plaintiff published an article in December 2017 discussing a "Brady List" purportedly maintained by the Sheriff's Department. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 38 relating to Plaintiff's "research" prior to publishing the December 2017 article and, on that basis, denies those allegations.

39. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 39 relating to how Plaintiff and her editors at the Los Angeles Times viewed the information in the December 2017 article and, on that basis, denies those allegations. Paragraph 39 also contains legal conclusions and/or argument to which no response is required. To the extent a response is required,

Defendant denies the allegations in Paragraph 39.

40. Defendant admits that Plaintiff published an article in December 2017 discussing a "Brady List" purportedly maintained by the Sheriff's Department. Defendant denies the remaining allegations in Paragraph 40.

41. Defendant admits that Plaintiff published an article in January 2019 about the District Attorney initiating a review of past criminal cases involving Sheriff's Deputies. Defendant denies the remaining allegations in Paragraph 41.

42. Defendant admits that Plaintiff published follow-up articles in August 2018. Defendant denies the remaining allegations in Paragraph 42.

43. Defendant admits that California Senate Bill 1421 was passed in September 2018.

44. Defendant admits that California Senate Bill 1421 was passed in September 2018. Paragraph 44 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 44.

45. Defendant admits that Plaintiff published an article in September 2019 relating to her investigation of a Homicide Detective working for the Sheriff's Department.

46. Paragraph 46 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 46.

47. Paragraph 47 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 47.

48. Defendant admits that former Sheriff Jim McDonnell opened an investigation into Plaintiff, and others, in or around 2017 relating to the "Brady List."

49. Defendant admits that former Sheriff Jim McDonnell opened an

739319.2

6

DEFENDANT COUNTY OF LOS ANGELES' ANSWER TO PLAINTIFF MAYA LAU'S FIRST AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF; AND AFFIRMATIVE DEFENSES

investigation into Plaintiff, and others, in or around 2017 relating to the purported "Brady List."

50. Defendant admits that former Sheriff Jim McDonnell opened an investigation into Plaintiff, and others, in or around 2017 relating to the purported "Brady List." Defendant denies the remaining allegations in Paragraph 50.

51. Defendant admits the allegations in Paragraph 51.

52. Defendant admits that former Sheriff Alex Villanueva created the Civil Rights and Public Integrity Detail after he was elected in 2018. Defendant denies the remaining allegations in Paragraph 52.

53. Defendant admits that former Sheriff Alex Villanueva opened an investigation into Plaintiff, and others, relating to the purported "Brady List." Defendant denies the remaining allegations in Paragraph 53.

54. Defendant admits that former Sheriff Alex Villanueva opened an investigation into Plaintiff relating to the purported "Brady List." Defendant also admits that the Sheriff's Department submitted the investigation to the California Attorney General to consider for criminal prosecution. Defendant denies the remaining allegations in Paragraph 54.

55. Defendant denies the allegations in Paragraph 55.

56. Defendant denies the allegations in Paragraph 56.

57. Defendant admits the allegations in Paragraph 57.

58. Defendant denies the allegations in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59.

60. Defendant admits that the Sheriff's Department submitted the investigation of Plaintiff, and others, relating to the purported "Brady List" to the California Attorney General to consider for criminal prosecution. Defendant denies the remaining allegations in Paragraph 60.

61. Defendant admits that the Sheriff's Department submitted the investigation of Plaintiff, and others, relating to the purported "Brady List" to the

1  California Attorney General to consider for criminal prosecution.  Defendant denies
2  the remaining allegations in Paragraph 61.  Paragraph 61 also contains legal
3  conclusions and/or argument to which no response is required.  To the extent a
4  response is required, Defendant denies the allegations in Paragraph 61.

5        62.    Defendant admits that the Sheriff's Department submitted the
6  investigation of Plaintiff, and others, relating to the purported "Brady List" to the
7  California Attorney General to consider for criminal prosecution.

8        63.    Paragraph 63 contains legal conclusions and/or argument to which no
9  response is required.  To the extent a response is required, Defendant denies the
10 allegations in Paragraph 63.

11       64.    Defendant admits that the California Attorney General declined to
12 pursue criminal charges against Plaintiff.

13       65.    Paragraph 65 contains legal conclusions and/or argument to which no
14 response is required.  To the extent a response is required, Defendant denies the
15 allegations in Paragraph 65.

16       66.    Paragraph 66 contains legal conclusions and/or argument to which no
17 response is required.  To the extent a response is required, Defendant denies the
18 allegations in Paragraph 66.

19       67.    Defendant admits that former Sheriff Alex Villanueva held a press
20 conference in April 2022 during which he referred to Los Angeles Times reporter
21 Alene Tchekmedyian and others.  Defendant denies the remaining allegations in
22 Paragraph 67.

23       68.    Defendant admits that former Sheriff Alex Villanueva held a press
24 conference in April 2022 during which he referred to Los Angeles Times reporter
25 Alene Tchekmedyian and others.  Defendant denies the remaining allegations in
26 Paragraph 68.

27       69.    Defendant lacks sufficient information to form a belief as to the truth of
28 the allegations in Paragraph 69 and, on that basis, deny the allegations.

739319.2

8

DEFENDANT COUNTY OF LOS ANGELES' ANSWER TO PLAINTIFF MAYA LAU'S FIRST AMENDED
COMPLAINT FOR DAMAGES AND OTHER RELIEF; AND AFFIRMATIVE DEFENSES

70. Paragraph 70 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 70.

71. Defendant denies the allegations in Paragraph 71.

72. Defendant admits that former Sheriff Alex Villanueva initiated an investigation into Max Huntsman. Defendant denies the remaining allegations in Paragraph 72.

73. Defendant admits that former Sheriff Alex Villanueva initiated an investigation into Max Huntsman. Defendant denies the remaining allegations in Paragraph 73.

74. Defendant admits the allegations in Paragraph 74.

75. Paragraph 75 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 75.

76. Defendant admits that the Sheriff's Department executed a search warrant at the offices of Peace Over Violence in February 2021.

77. Defendant admits that the Civilian Oversight Commission and Patti Giggans has expressed criticism of former Sheriff Alex Villanueva during his time in office.

78. Defendant admits that the Sheriff's Department executed a search warrant at Board Supervisor Sheila Kuehl's home in September 2022.

79. Paragraph 79 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 79.

80. Defendant lacks sufficient information to form a belief as to the trust of the allegations in Paragraph 80 and, on that basis, deny the allegations.

81. Paragraph 81 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the

allegations in Paragraph 81.

82. Paragraph 82 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 82.

## DAMAGES ALLEGATIONS

83. Paragraph 83 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 83.

84. Paragraph 84 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 84.

85. Paragraph 85 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 85.

86. Paragraph 86 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 86.

## COUNT I

### Retaliation

### (First Amendment)

87. This cause of action and the Individual Defendants were dismissed by the Court. (*See* Dkt No. 40.)

88. This cause of action and the Individual Defendants were dismissed by the Court. (*See* Dkt No. 40.)

89. This cause of action and the Individual Defendants were dismissed by the Court. (*See* Dkt No. 40.)

90. This cause of action and the Individual Defendants were dismissed by the Court. (*See* Dkt No. 40.)

739319.2

10

DEFENDANT COUNTY OF LOS ANGELES' ANSWER TO PLAINTIFF MAYA LAU'S FIRST AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF; AND AFFIRMATIVE DEFENSES

91. This cause of action and the Individual Defendants were dismissed by the Court. (*See* Dkt No. 40.)

92. This cause of action and the Individual Defendants were dismissed by the Court. (*See* Dkt No. 40.)

93. This cause of action and the Individual Defendants were dismissed by the Court. (*See* Dkt No. 40.)

94. This cause of action and the Individual Defendants were dismissed by the Court. (*See* Dkt No. 40.)

95. This cause of action and the Individual Defendants were dismissed by the Court. (*See* Dkt No. 40.)

96. This cause of action and the Individual Defendants were dismissed by the Court. (*See* Dkt No. 40.)

## COUNT II

### Conspiracy to Deprive Constitutional Rights

97. Paragraph 97 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 97.

98. Paragraph 98 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 98.

99. Paragraph 99 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 99.

100. Paragraph 100 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 100.

101. Paragraph 101 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the

739319.2

11

DEFENDANT COUNTY OF LOS ANGELES' ANSWER TO PLAINTIFF MAYA LAU'S FIRST AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF; AND AFFIRMATIVE DEFENSES

allegations in Paragraph 101.

102. Paragraph 102 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 102.

103. Paragraph 103 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 103.

104. Paragraph 104 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 104.

## COUNT III

### Retaliation – *Monell*

### (First Amendment)

105. Paragraph 105 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 105.

106. Paragraph 106 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 106.

107. Paragraph 107 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 107.

108. Paragraph 108 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 108.

109. Paragraph 109 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 109.

739319.2

12

DEFENDANT COUNTY OF LOS ANGELES' ANSWER TO PLAINTIFF MAYA LAU'S FIRST AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF; AND AFFIRMATIVE DEFENSES

110. Paragraph 110 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 110.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses based upon information presently available and reserves the right to assert additional affirmative defenses and/or withdraw any of these affirmative defenses as further information becomes available.

### FIRST AFFIRMATIVE DEFENSE
(*Failure to State a Claim*)

The FAC, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(*Discretionary Act Immunity*)

The FAC, in whole or in part, fails because Defendant is entitled to discretionary act immunity under California Government Code section 820.2.

### THIRD AFFIRMATIVE DEFENSE
(*No Vicarious Liability*)

The FAC, in whole or in part, fails because Defendant is not vicariously liable under California Government Code section 815.2.

### FOURTH AFFIRMATIVE DEFENSE
(*Immunity for Administrative Proceedings*)

The FAC, in whole or in part, fails because Defendant is not liable for instituting or prosecuting any administrative proceedings under California Government Code section 821.6.

### FIFTH AFFIRMATIVE DEFENSE
(*Immunity for Statements by Public Employees*)

The FAC, in whole or in part, fails because Defendant is not liable for any

harm resulting from alleged misrepresentations made in the scope of public employment under California Government Code section 822.2.

### SIXTH AFFIRMATIVE DEFENSE
### (*No Violation Of A Legal Duty*)

The FAC is barred, in whole or in part, because Defendant did not violate any legal duty owed to Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE
### (*Good Faith*)

The FAC, in whole or in part, is barred because Defendant undertook any challenged acts or omissions, in part or in total, in good faith and in conformity with applicable orders, rulings, regulations, and/or interpretations.

### EIGHTH AFFIRMATIVE DEFENSE
### (*Waiver*)

The FAC is barred, in whole or in part, by the doctrine of waiver.

### NINTH AFFIRMATIVE DEFENSE
### (*Unclean Hands*)

The FAC is barred, in whole or in part, by the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE
### (*No Standing*)

The FAC is barred because Plaintiff lacks standing.

### ELEVENTH AFFIRMATIVE DEFENSE
### (*Mootness*)

The FAC is barred, in whole or in part, because some or all of the allegations or claims in the FAC are moot.

### TWELFTH AFFIRMATIVE DEFENSE
### (*Unjust Enrichment*)

Any recovery by Plaintiff on the FAC against Defendant would be unfair and would constitute unjust enrichment.

739319.2

14

DEFENDANT COUNTY OF LOS ANGELES' ANSWER TO PLAINTIFF MAYA LAU'S FIRST AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF; AND AFFIRMATIVE DEFENSES

### THIRTEENTH AFFIRMATIVE DEFENSE

(*Estoppel*)

The FAC is barred, in whole or in part, by the doctrine of estoppel.

### FOURTEENTH AFFIRMATIVE DEFENSE

(*Acquiescence*)

The FAC is barred, in whole or in part, by the doctrine of acquiescence.

### FIFTEENTH AFFIRMATIVE DEFENSE

(*Conduct Not Wrongful*)

The FAC is barred, in whole or in part, because Defendant's conduct was not wrongful or otherwise unlawful.

### SIXTEENTH AFFIRMATIVE DEFENSE

(*No Causation*)

The FAC is barred, in whole or in part, because Plaintiff's damages, if any, were not caused by Defendant.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(*No Damages*)

Without admitting that the FAC states a claim, there has been no damage in any amount, manner, or at all by reason of any act alleged against Defendant in the FAC, and the relief prayed for in the FAC therefore cannot be granted.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(*Absence of Malice*)

Any acts or omissions by Defendant, if any, were not the result of oppression, fraud, or malice.

### NINETEENTH AFFIRMATIVE DEFENSE

(*No Deprivation of Constitutional Rights*)

Defendant was not the proximate cause of the Plaintiff's alleged deprivation of a constitutionally protected right, privilege, or immunity.

739319.2

15

## TWENTIETH AFFIRMATIVE DEFENSE

### (*Qualified Immunity*)

Defendant is entitled to qualified immunity.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (*Privilege*)

The FAC, in whole or in part, fails because Defendant's conduct is privileged under California Civil Code sections 47(a)–(e).

## RESERVATION OF ADDITIONAL DEFENSES

Defendant reserves their right to add, delete, or modify any and all defenses which may pertain to the FAC that are now or may become available in this action through clarification or amendment of the FAC, through discovery, through further legal analysis of Plaintiff's or Defendant's claims and positions in this litigation, or otherwise.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays that judgment be entered as follows:

(1) Plaintiff takes nothing by reason of her FAC;

(2) The FAC be dismissed with prejudice;

(3) Defendant recovers its costs of suit, including attorneys' fees; and

(4) Defendant be awarded such other and further relief as the Court deems just and proper.

DATED: October 14, 2025         MILLER BARONDESS, LLP

By:   /s/ *Jason H. Tokoro*
      JASON H. TOKORO
      Attorneys for Defendant
      COUNTY OF LOS ANGELES

739319.2