**Steven Art**, IL Bar: 6302319*
**Anand Swaminathan**, IL Bar: 6305088*
**Megan Pierce**, CA Bar: 314044
**Justin Hill**, IL Bar: 6342031*
steve@loevy.com
anand@loevy.com
hill@loevy.com
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
Phone: (312) 243-5900
Fax: (312) 243-5902

**Grayson Clary***
gclary@rcfp.org
REPORTERS COMMITTEE
 FOR FREEDOM OF THE PRESS
1156 15th Street NW, Suite 1020
Washington, DC 20005
Phone: (202) 795-9300

*Admitted pro hac vice*

**Michael D. Seplow** (SBN 150183)
**Paul Hoffman** (SBN 71244)
mseplow@sshhzlaw.com
hoffpaul@aol.com
SCHONBRUN SEPLOW HARRIS
 HOFFMAN & ZELDES, LLP
9415 Culver Boulevard, #115
Culver City, CA 90232
Phone: (310) 396-0731

*Counsel for Plaintiff MAYA LAU*

1

Joint Rule 26(f) Report

**UNITED STATES DISTRICT COURT FOR**
**THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAYA LAU,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF LOS ANGELES,<br><br>　　　　Defendant. | Case No.: 2:25-cv-4766<br><br>**JOINT RULE 26(f) REPORT** |

1    Plaintiff Maya Lau and Defendant County of Los Angeles (the "County"),
2 by and through their respective attorneys, submit this Joint Rule 26(f) Report in
3 advance of the parties' November 19, 2025 scheduling conference. Pursuant to this
4 Court's Order for Setting Scheduling Conference, the parties state as follows:
5    I.    **Statement of the Case**
6       This is a First Amendment retaliation case brought by Plaintiff Maya Lau, a
7 former journalist for the Los Angeles Times, against the County. Plaintiff alleges
8 she was the subject of a criminal investigation from the County Sheriff's
9 Department ("Department") in retaliation for articles she wrote for the Times.
10 Specifically, Plaintiff claims that in December 2017, she and two then-colleagues
11 published an article discussing a "Brady List" that was maintained by Department.
12 Plaintiff alleges that the Brady List catalogued roughly 300 deputies with histories
13 of dishonesty or other misconduct that made them open to impeachment as trial
14 witnesses.
15       Plaintiff alleges that, in retaliation for her publishing the article, the
16 Department opened two investigations into her. She claims the first investigation
17 was opened under former Sheriff Jim McDonnell, and the second investigation was
18 opened under former Sheriff Alex Villanueva. Plaintiff alleges that there was no
19 basis for either investigation, and claims that neither investigation uncovered
20 evidence suggesting that Plaintiff had committed any crime. Plaintiff alleges that,

1  nevertheless, Sheriff Villanueva and his colleagues referred her for prosecution for
2  conspiracy, theft of government property, unlawful access of a computer, burglary,
3  and receiving stolen property.  Plaintiff alleges that the state Attorney General
4  declined to prosecute her.
5     Plaintiff alleges that the retaliation against her was part of an ongoing
6  campaign led by Sheriff Villanueva, in which he used criminal investigations as a
7  method for retaliating against individuals who used their public positions to
8  criticize Sheriff Villanueva or the LASD.
9     Plaintiff sued the County of Los Angeles and Alex Villanueva, Mark
10 Lillienfeld, and Tim Murakami. She brought three claims: a First Amendment
11 retaliation claim and a conspiracy claim against the individual defendants, and a
12 First Amendment retaliation claim against the County of Los Angeles under a
13 *Monell* theory of liability.
14     Plaintiff filed her original Complaint on May 27, 2025, Dkt. 1, and filed the
15 operative First Amended Complaint on August 4, 2025, Dkt. 30. The County and
16 individual Defendants filed separate motions to dismiss. Dkts. 31, 32. On
17 September 30, 2025, this Court granted the individual Defendants' motion to
18 dismiss on qualified immunity grounds.  Dkt. 40 at 8.  The Court denied the
19 County's motion. *Id.* at 9.
20

Joint Rule 26(f) Report

The County disputes Plaintiff's allegations. It contends that the facts will show that Plaintiff did not suffer a cognizable injury sufficient to support a First Amendment retaliation claim. It further contends that a confidential criminal investigation, without more, cannot support a First Amendment claim. It also contends that the facts will establish that Plaintiff has not incurred any damages.

## II. Subject Matter Jurisdiction

Plaintiff's claim arises under 42 U.S.C. § 1983, and this Court has jurisdiction over Plaintiff's federal claim pursuant to 28 U.S.C. § 1331.

## III. Legal Issues

This Court has already ruled on the issue of qualified immunity. Other legal issues to be ruled upon include whether the facts, as will be developed in discovery, can meet the test for a First Amendment retaliation claim, and whether the County can be held liable under a *Monell* theory.

There is a current dispute over whether Plaintiff must sit for an independent medical exam ("IME"). Defendants have requested Plaintiff to sit for an IME, but Plaintiff contends that such an examination is not appropriate because she seeks only "garden-variety" emotional damages. The County contends that Plaintiff's only claimed source of monetary damages is her alleged emotional distress (which her First Amended Complaint characterizes only as "anxiety") and that the County

has a right to evaluate Plaintiff's damage claims via an IME. The parties are attempting to resolve the matter before involving the Court.

IV. **Parties, Evidence, Etc.**

Key persons involved in the facts of this case include Maya Lau, Alex Villanueva, Tim Murakami, and Mark Lillienfeld. There are likely other key individuals, but their identities are not yet known.

Key documents are likely to include any reports or memoranda created by the LASD in their investigation of Plaintiff, as well as any documents transmitted to the California Attorney General when the LASD recommended Plaintiff for prosecution. The County believes that documents relating to Plaintiff's claimed emotional distress will be relevant; Plaintiff contends that such documents are likely to be irrelevant given that Plaintiff is claiming only "garden-variety" damages.

V. **Damages**

Plaintiff's position is that she seeks "garden-variety" emotional distress damages in an amount to be determined by a jury.

The County's position is that Plaintiff is bound by the emotional distress allegations in her First Amended Complaint, which alleges she is seeking damages for "anxiety."

## VI. Insurance

Not applicable.

## VII. Motions

Plaintiff does not currently anticipate filing any procedural motions to add parties, amend pleadings, or seek to change venue. The County intends to seek summary judgment at the appropriate time and in accordance with this Court's Standing MSJ Order, and may also file *Daubert* motions and pre-trial motions as necessary. This case is not a class action.

## VIII. Manual for Complex Actions

Not applicable.

## IX. Discovery

The parties are filing a copy of the Court's scheduling worksheet along with this Report.

### A. Status of Discovery

Discovery is beginning. The parties intend to serve written discovery and document requests, and will meet and confer over the identity of potential deponents and dates and times for those depositions. As of this moment, there are no anticipated discovery disputes other than Plaintiff's refusal to sit for an IME, as discussed above.

**B.     Discovery Plan**

The parties agree to the limits of discovery set forth in Federal Rule of Civil Procedure 26, and are not seeking any changes at this time.

Plaintiffs intend to seek discovery regarding the nature, basis, and extent of Defendant's investigation; the pattern and practice of Sheriff Villanueva and the LASD opening retaliatory criminal investigations; and misconduct committed by Sheriff Villanueva and other LASD officials. Plaintiff reserves the right to seek additional discovery that may come to light as this case progresses.

The County intends to seek discovery regarding Plaintiff's allegations that the investigation into her was retaliatory, the nature of her reporting on the purported "Brady List," Plaintiff's experiences after she voluntarily resigned from the Los Angeles Times, and Plaintiff's understanding of the nature of investigation and her contemporaneous knowledge of the same.  The County further intends to seek discovery into Plaintiff's "anxiety," which is the only alleged form of emotional distress Plaintiff alleges to have suffered.  The County reserves the right to seek additional discovery that may come to light as this case progresses.

**C.     Discovery Cutoff**

July 13, 2026.  *See attached* Discovery Worksheet.

**D.     Expert Discovery**

Initial expert disclosures: July 27, 2026.

Rebuttal expert disclosures: August 10, 2026.

Expert discovery cutoff: August 17, 2026.

*See attached* Discovery Worksheet.

**E.     Settlement Conference/ADR**

The parties are exploring potential early mediation to resolve this dispute.

**F.     Trial**

      **1.     Trial Estimate**

Seven to 10 days.

      **2.     Jury or Court Trial**

Plaintiff requests a jury trial.

      **3.     Consent to Trial Before Magistrate Judge**

The parties do not consent to a trial before a magistrate.

      **4.     Lead Trial Counsel**

Plaintiff: Steve Art

County: Jason H. Tokoro

**G.     Independent Expert or Master**

Not applicable.

**H.     Other Issues**

The parties are unaware of any additional issues at this time.

Respectfully submitted,

**MAYA LAU**

By: /s/ Justin Hill
*One of Plaintiff's Attorneys*

| | |
|---|---|
| Steven Art* | Louis R. Miller (State Bar No. 54141) |
| Anand Swaminathan* | smiller@millerbarondess.com |
| Megan Pierce | Jason H. Tokoro (State Bar No. 252345) |
| Justin Hill* | jtokoro@millerbarondess.com |
| steve@loevy.com | Steven G. Williamson (State Bar No. 343842) |
| anand@loevy.com | |
| megan@loevy.com | swilliamson@millerbarondess.com |
| hill@loevy.com | MILLER BARONDESS, LLP |
| LOEVY & LOEVY | 2121 Avenue of the Stars, Suite 2600 |
| 311 N. Aberdeen, 3rd Floor | Los Angeles, California 90067 |
| Chicago, Illinois 60607 | Telephone: (310) 552-4400 |
| Phone: (312) 243-5900 | Facsimile: (310) 552-8400 |
| Fax: (312) 243-5902 | Attorneys for Defendant COUNTY OF LOS ANGELES |

Grayson Clary*
gclary@rcfp.org
REPORTERS COMMITTEE
 FOR FREEDOM OF THE PRESS
1156 15th Street NW, Suite 1020
Washington, DC 20005
Phone: (202) 795-9300

* *Admitted pro hac vice*

Michael D. Seplow (SBN 150183)
Paul Hoffman (SBN 71244)
mseplow@sshhzlaw.com
hoffpaul@aol.com

S<small>CHONBRUN</small> S<small>EPLOW</small>
H<small>ARRIS</small>
H<small>OFFMAN</small> & Z<small>ELDES</small>, LLP
9415 Culver Boulevard, #115
Culver City, CA 90232
Phone: (310) 396-0731

*Counsel for Plaintiff MAYA LAU*